John Neverman and George Plahn v. The Bank of Cass County, of Plattsmouth, Nebraska.

(Filed September 3, 1904.)

**WRITTEN AGREEMENT—Alteration by Parol.** An oral agreement which alters an agreement in writing is not valid or binding, unless such oral agreement is executed, and proof of its existence is not competent to vary the terms of a written instrument.

(Syllabus by the Court.)

*Error from the District Court of Grant County; before James K. Beauchamp, Trial Judge.*

*F. A. Dinsmoor, Chas. G. Yankey, Sam P. Ridings,* for plaintiffs in error.

*J. A. Burnette,* for defendant in error.

Opinion of the court by

GILLETTE, J.: This was an action commenced originally in the probate court of Grant county, Oklahoma Territory, and from there appealed to the district court of said county.

The petition states a cause of action upon a promissory note in words and figures as follows:

"On or before the 1st day of March, 1902, for value received, in one year I, or we, the undersigned, living four miles southeast of Louisville post office, county of ........ State of Nebraska, promise to pay to Mrs. Lizzie McLain or order four hundred dollars at ....... with interest from maturity at the rate of seven per cent per annum until paid.

"For value received I, or we, the undersigned do hereby sell and mortgage unto the payee hereof........one....... now in my possession: Provided that if the undersigned shall pay the said debt, then this mortgage shall be void; in case of default, I, or we, authorize the said mortgagees to seize and sell the said property and pay the said debt with expenses incurred; or if the mortgagees shall at any time feel unsafe or insecure then they may seize and sell the property. If, from any cause, said property shall fail to satisfy said debt and expenses I or we covenant and agree to pay the deficiency.

"JOHN NEVERMAN,
"GEORGE PLAHN."

The answer of defendants admits the execution of the contract, and shows that it was given for fifty per cent of the rental value of a certain half section of land in Cass county, Nebraska, for the year, 1901, and then alleges that at the time and subsequent to the execution and delivery of the note there was a verbal contract and agreement between the defendants and the original payee, whereby in

case of a crop failure for the season of 1901, the note should be void, and avers that for the season of 1901 there was a total failure of crops on the land, for the rent of which this note was given, and by the terms of this contemporary and subsequent agreement there was a total failure of consideration, and that the fact of such parol agreement and crop failure was well known to the plaintiff at the time the note was purchased.

The answer of defendants shows, only by inference, that the basis of the action was a Nebraska contract given for the lease of Nebraska land. The laws of the State of Nebraska governing the construction of liability on the note and contract mentioned in the answer, are not pleaded or mentioned.

The action is brought, and adjudication of the rights of the parties demanded, in all respects as though the contract sued on was an Oklahoma contract, and liability thereunder governed by the laws of Oklahoma. Under these circumstances the rights of the parties will be considered under the laws of this Territory, the same as though the contract was made here.

"Pleadings and evidence are governed by the laws of the place where the suit is brought, but the *lex loci contractus* furnishes the rule of decision and governs the construction of and liability on a note, if pleaded, but it must be pleaded for this purpose, otherwise the *lex fori* will control." (Enc. of Pleading and Practice, vol. 14, p. 463).

At the time the action was brought before the court for trial, the defendants' statement to the jury of their ground of defense showed that the instrument sued on was executed February 27, 1901, and transferred to the plaintiff

in November, 1901, in consideration of $385.00, at the conclusion of which statement the counsel for plaintiff announced to the court that he would make a request for judgment for plaintiff upon the pleadings, and the statement of counsel to the jury, when evidence was offered in support of such defense.

The defendant assumed the burden of proof and offered Mr. Neverman as a witness, and thereupon the plaintiff objected to the introduction of any evidence in support of the defense set out and stated, which objection was sustained by the court, and a judgment rendered in plaintiff's favor for the amount of the note and·interest, to reverse which the cause is brought to this court.

The judgment of the district court is correct.    The instrument upon which the action was based was a negotiable promissory note, the terms of which were sought to be varied by proof of a contemporaneous parole agreement.    This was in violation of the Statutes of Oklahoma concerning contracts in writing.

Sec. 7, art. 5. chap. 16, of the Statutes of 1893 provides:

"A contract in writing may be altered by a contract in writing or by an executed oral agreement and not otherwise."

The oral contract here sought to be proved was not an executed oral agreement.    Its conditions were contingent, and dependent wholly upon the happening of future events which were in no manner referred to in the written contract. As an agreement varying the terms of the written instrument, it was void when entered into under the terms of the statute.

The statute above quoted is identical with the Statutes of California, sec. 1698 of the civil code of that state; and in *Evensberd v. Reters,* 4 Pac. 1091, the supreme court construed the same in a cause very similar to the one under consideration, and held that a subsequent parole agreement which alters an agreement in writing is not valid or binding unless such oral agreement is executed.

To the same effect is *Hatch v. Hide,* 14 Vt. 1425, in which the court say:

"The plea in bar sets up a parole agreement contemporaneous with the giving of the note, and inconsistent with the one expressed in the note. The horse, though lame and diseased, was clearly a sufficient consideration for the note, and no fraud is pretended. The note then, being upon sufficient consideration, and absolute upon the face of it, cannot, by parole evidence, be converted into one payable upon a contingency."

The case of *Allen v. Furbush,* 4 Gray 504, is to the same effect. Also *Earsan v. Brown,* 64 Kan. 466, and *Thistler v. Mackey.* 65 Kan. 464,. where the court say:

"Now the express condition to pay contained in a promissory note in the usual form, such as the one in question in this case, constituted such a writing a complete contract, importing on its face an absolute obligation, as to which a reservation of right not to pay is entirely contradictory. Therefore, oral evidence of a contemporaneous agreement to surrender the note without payment in rescission of the contract pursuant to which it was given is not admissible."

These authorities unquestionably state the correct rule, which when applied to the case under consideration sustains the action and judgment of the court below.

The instrument sued upon was unqualified in its terms,

fraud· is not charged, a sufficient consideration is shown, having been given for one year's rental of a half section of land, and if liability thereon was contingent, such contingency should have been express, in writing, or by proof of an executed oral agreement varying its terms.

With reference to the contract here sued upon the rule is the same whether the instrument at the time of suit is in the hands of the original payee or an assignee thereof.

The judgment of the lower court is affirmed.

Beauchamp, J., who presided in the court below, not sitting, all the other Justices concurring.