## MAISEN v. CARTWRIGHT *et al.*

No. 3423.   Opinion Filed November 17, 1914.

(144 Pac. 375.)

**EVIDENCE—Contract—Modification by Parol Agreement—Validity.** A contract in writing cannot be altered to abrogation by a subsequent unexecuted parol agreement.

(Syllabus by the Court.)

Riddle, J., dissenting.

*Error from Superior Court, Oklahoma County;*
*A. N. Munden, Judge.*

Action by H. A. Maisen against Mary E. Cartwright and another.  Judgment for defendants, and plaintiff brings error.  Affirmed.

*Everest, Smith & Campbell,* for plaintiff in error.

*J. S. Estes,* for defendants in error.

TURNER, J.   On September 17, 1910, in the superior court of Oklahoma County, H. A. Maisen, plaintiff in error, sued Mary E. Cartwright and Wade O. Cartwright, defendants in error. The amended petition substantially states that theretofore plaintiff and defendant Mary E. Cartwright, together with one Peterson, entered into a written contract, which was filed as an exhibit, which in effect provided that, whereas she as a legatee therein was denied the right to probate the last will and testament of D. J. Spencer in the district court of Canadian county and had appealed to this court, and whereas she had no means sufficient to cover the necessary expenses connected with the litigation, she thereby agreed to pay said Maisen and Peterson one-half of the proceeds of the estate in question when realized, "provided, however, that the said H. A. Maisen and P. F. Peterson furnish all the money necessary to carry said litigation through all courts necessary for a final settlement and determination."   And it was further agreed that Maisen and Peterson, out of the proceeds

of their one-half of the estate, were to pay for all legal services incident to said litigation. The petition then charged that, pursuant to said contract, the plaintiff advanced as expenses incident to said litigation $1,070.45, as shown by his itemized statement; that after crediting $50 thereon, which he had received, there was a balance due him on said account of $1,020.45. Plaintiff then alleges:

"That on or about July 10, 1910, this plaintiff and the said Mary E. Cartwright made and entered into a full and complete adjustment, settlement and compromise of the account and claim of this plaintiff against the said defendant, whereby the said Mary E. Cartwright in consideration of the cancellation and discharge by this plaintiff of all obligation accruing to him under and by virtue of said contract from the said Mary E. Cartwright, orally agreed to pay this plaintiff in full settlement and satisfaction of said account for moneys paid out and advanced as aforesaid, the sum of eight hundred ($800.00) dollars"

—for which he prayed judgment. As a further cause of action he again recites the contract and alleges that Peterson paid out in said litigation $1,302.85, according to an itemized statement which he sets out, and that Mary E. Cartwright also "procured" of said Peterson further sums aggregating $1,772.08, which are also itemized, and:

"The said Mary E. Cartwright, in consideration of the cancellation and discharge of any obligation under said contract from her to the said Peterson, then and there orally agreed to give and pay to the said Peterson, and the said Peterson then and there agreed to accept from the said Mary E. Cartwright, the sum of two thousand ($2,000) dollars, in full settlement and payment of said claim and account."

He further alleges a transfer of said claim by Peterson to himself for a valuable consideration. It is unnecessary to further recite the petition except to say that for cause of action against Wade O. Cartwright he alleges that Mary E. Cartwright had conveyed to him certain of her property with intent to defraud plaintiff as a creditor, which said conveyances he asks to have set aside, the property sold, and the proceeds applied to the payment of his judgment when obtained.

The demurrer to the petition was rightfully sustained. Here is a plaintiff who makes known to the court that, pursuant to a contract in writing, he and his assignor advanced large sums of money to defendant to promote certain litigation with the understanding thereby expressed that they were to receive one-half the recovery; that subsequent thereto and before anything was recovered they and defendant entered into an oral agreement, whereby she agreed, in consideration that they release defendant from her obligation to turn them over one-half of said recovery, to refund to them a portion of the money thus advanced. He prays the court for judgment for that amount. As the effect of the execution of the subsequent oral agreement would be an alteration to its entire abrogation of the contract in writing, and Comp. Laws 1909, sec. 1139 [Rev. Laws 1910, sec. 988], provides, "A contract in writing may be altered by a contract in writing or by and executed oral agreement, and not otherwise," the petition fails to state facts sufficient to constitute a cause of action. This for the reason that, if the contract in writing cannot be thus abrogated, the contract stands as written, and the law will not recognize the oral agreement sought to be enforced. The rule laid down in the statute is frequently applied in cases where the contract in writing is sought to be enforced and also in cases where the court is called on to enforce the subsequent oral agreement. If the latter has been executed, as in *Mullen v. Thaxton,* 24 Okla. 643, 104 Pac. 359, the courts will recognize and enforce it; otherwise not. That was a suit upon a promissory note. For answer defendant admitted its execution, but alleged that it was given in payment of the rent of certain lands for the year 1907; that, after the note and rent contract were executed, he and plaintiff entered into another and further contract abrogating the contract of rental for that year, whereupon plaintiff agreed to surrender the note and defendant removed from the land in 1906, and that thereupon plaintiff took possession but refused to surrender the note. Although the court did not say the answer disclosed that the subsequent oral agreement was executed, and therefore in effect altered the original contract and hence set forth a good defense, the court, in effect, so held when it said

that the answer showed an abandonment of the original contract. Of course the contrary should be held where, as here, the petition discloses that the subsequent oral agreement had not been executed.

In *Neverman et al. v. Bank of Cass County*, 14 Okla. 417, 78 Pac. 382, the subsequent oral agreement was not recognized, because not executed. That also was a suit on a promissory note. The defense was that at the time and subsequent to the execution and delivery of the note there was an oral agreement between defendants and the original payee whereby, in case of a crop failure for the season of 1901, the note should be void; that there was such a failure for that year for the rent of which the note was given, and consequently defendants were not liable thereon. On trial to a jury defendants assumed the burden of proof and offered evidence in support of said allegations, which was objected to and the objection sustained. There was judgment for plaintiff. This court affirmed the judgment, and in the syllabus said:

"An oral agreement which alters an agreement in writing is not valid or binding, unless such oral agreement is executed, and proof of its existence is not competent to vary the terms of a written instrument."

In *Early v. King*, 38 Okla. 206, 135 Pac. 286, the question arose precisely as here. The defendant in error sued the plaintiff in error to recover $300, alleged to have been paid under and by virtue of an oral agreement entered into at or about the time of the execution of a certain lease. The lease bound plaintiff to pay defendant for the rent of the premises for two years, $2,400, as follows: $100 in cash, $300 on April 1, 1908, and $100 the first of each and every month thereafter until said sum was paid. After plaintiff had occupied the premises for some time and paid the $300, he yielded possession thereof to defendant and sued to recover the $300. He testified, apparently over objection, that said amount was deposited with defendant as a guaranty of good faith of the contract; that after he signed the same, observing that the purpose for which the same was paid was not clear, he called defendant's attention thereto, and it was

agreed that the same should be returned to plaintiff or applied on the rent. It was defendant's contention that evidence of this parol agreement regarding this $300 was inadmissible, and on appeal this court so held, citing the statute, *supra*. In passing the court said:

"To permit the introduction and consideration by the court of the evidence offered by plaintiff would be to do that which the statute inhibits, to wit, permit a contract in writing to be altered otherwise than by another contract in writing, or by an executed parol agreement. If defendant had returned to the plaintiff the $300 in accordance with the claim made by plaintiff, and then had sued to recover it, there would then have been presented the executed parol agreement, effective to modify the terms of the contract, but the facts as presented disclose no more than an effort to enforce an executory parol agreement, altering and changing the terms of the written contract into which the parties entered. That this cannot be done is clear from the statute and the adjudicated cases. *Keokuk Falls Imp. Co. et al. v. Kingsland, etc., Mfg. Co. et al.*, 5 Okla. 32, 47 Pac. 484; *Liverpool, etc., Ins. Co. v. T. M. Richardson Lumber Co.*, 11 Okla. 585, 69 Pac. 938; *Moorehead v. Davis*, 13 Okla. 166, 73 Pac. 1103; *Neverman et al. v. Bank of Cass County*, 14 Okla. 417, 78 Pac. 382; *Guthrie & Western R. Co. v. Rhodes*, 19 Okla. 21, 91 Pac. 1119, 21 L. R. A. (N. S.) 490; *McNinch v. Northwest Thresher Co.*, 23 Okla. 386, 100 Pac. 524, 138 Am. St. Rep. 803"

—and reversed and dismissed the case. And so we say here, had the defendant paid plaintiff the money pursuant to the parol agreement, and had then sued to recover it, there would have been presented an executed parol agreement effective to modify the terms of this contract. Such not being the case, and it appearing from the face of the petition that the parol agreement is unexecuted, the judgment of the trial court is affirmed.

LOOFBOURROW and BLEAKMORE, JJ., concur. RIDDLE, J., dissents. KANE, C. J., absent and not participating.