## LEVIN v. HUNT.

No. 7352—Opinion Filed April 9, 1918.

Rehearing Denied May 21, 1918.

(172 Pac. 940.)

1. Contracts — Contract in Writing — Oral Rescission and Substitution of New Contract.

While under section 988, Rev. Laws 1910, the parties to a written contract cannot alter the same by parol, they may, independent of the statute, rescind the written contract by parol and substitute therefor a new parol contract; said section has no application to the new contract.

2. Same—Specific Performance — Breach— Remedies.

On breach of contract the injured party has his choice of three remedies in a proper case. He may sue on the contract for the damages he has sustained by reason of the breach, or he may consider the contract terminated by the breach and sue on the quantum meruit under an implied contract, and recover for his services and the amount expended by him on the contract, or he may have recourse to equity and compel a specific performance of the contract.

(Syllabus by Pryor, C.)

Error from District Court, Muskogee County; R. P. De Graffenried, Judge.

Action by M. E. Hunt against Rachel T. Levin. Judgment for plaintiff, and defendant brings error. Affirmed on rehearing.

D. A. Kline, B. B. Blakeney, and J. H. Maxey, for plaintiff in error.

Neff & Neff and Fred S. Zick, for defendant in error.

Opinion by PRYOR, C. On the 19th day of February, 1914, the defendant in error commenced this action against the plaintiff in error in the district court of Muskogee county for the recovery of the sum of $1,107 for services, materials furnished, and money advanced to the plaintiff in error by the defendant in error. On the 11th day of November, 1914, the defendant in error recovered judgment against the plaintiff in error in the sum of $880, from which judgment the plaintiff appealed.

The parties will be referred to as they appeared in the court below.

The petition of the plaintiff in the court below alleged, in substance, that the defendant was indebted to her in the sum of $1,-107; that said indebtedness arose out of the following circumstances: About the 1st day of May, 1912, the plaintiff and the defendant entered into a written rental contract whereby defendant leased to plaintiff what is known as the Frances Hotel, situated in Muskogee, Okla.; said lease was to run for the term of five years, and the plaintiff was to pay the defendant the sum of $450 per month; that the plaintiff was induced to enter into said lease by representations made by the agent of the defendant that said premises would earn over and above all expenses the sum of $300 per month; that within a few days after taking possession of said premises the plaintiff learned that the representations made by the defendant as to what the hotel would earn were false, and that she went to the agent of the defendant and informed him that she intended to surrender said premises on account of the fraudulent representations, and further that no one could live up to the agreement and run said hotel; that the defendant agreed to rescind the old contract and the parties entered into a new agreement, whereby the plaintiff was to keep the hotel open and in running condition during the summer months, was to pay whatever was necessary on the indebtedness against the furniture and furnishings of the hotel and keep the dining room open for the said period, and was to pay the defendant whatever she could after complying with the above terms, and during the winter months, when the season was good, it was agreed that she should pay only the sum of $200 per month as rental and reimburse herself as to whatever disbursements she had made during the summer months. The defendant further agreed that he would help the plaintiff dispose of the premises for at least $1,200 or $1,500 profit during the winter months while it was a paying concern. The petition further alleges that on or about the 30th day of October, 1912, the defendant wrongfully dispossessed the plaintiff of the hotel, and took possession of all of its furnishings and furniture. The answer of the defendant was in effect a general denial and cross-petition for rents for the summer months.

The defendant on appeal makes two contentions: First, That the alleged new contract was nothing more than an attempt to alter the terms of the old contract by parol, in violation of section 988, Rev. Laws 1910, which provides:

"A contract in writing may be altered by a contract in writing, or by an executed parol agreement, and not otherwise."

The evidence of the plaintiff reasonably supports the averments of her petition. It

shows that the agent of the defendant agreed with the plaintiff that, if she would keep the hotel a going concern, put in certain necessary furnishings, and would pay whatever she could out of the earnings of the hotel on the amount due on the furniture and furnishings, keep the dining room open and pay whatever she could to the agent of the defendant, the old contract might be discharged and rescinded, and that he would let her have the premises during the winter months when business was good for the sum of $200 per month, and he would further assist her in disposing of said hotel at a good profit. Her evidence shows that she kept this agreement, and had paid $515 on the furniture and $400 for furnishings and other necessary expenses in connection with the conducting of the hotel. She had also paid the agent of the defendant the sum of $800.

It seems that there could be no question that there was an intention on the part of the parties to abrogate and rescind the old contract and to enter into a new one, and that these parties by parol agreement, as above set forth, did rescind their old contract and enter into a new contract.

While under the above-quoted statute, it is plain that the parties to a written contract cannot alter the same by parol agreement, it is well settled that they may, by parol, rescind, discharge, or terminate a written contract, or may enter into a new contract as a substitute for the old. Adler v. Friedman, 16 Cal. 139; Credit Clearance Bureau v. Hochbann Contracting Co., 25 Cal. App. 546, 144 Pac. 315; Pearsall v. Henry, 153 Cal. 314, 95 Pac. 154, 159; Bowman v. Wright, 65 Neb. 661, 91 N. W. 580, 92 N. W. 580; Hyman v. Cigar Co., 9 Colo. App. 299, 48 Pac. 671; Copper v. Fretnosansky .(Com. Pl.) 16 N. Y. Supp. 866; Evans v. McKanna, 89 Iowa, 362, 56 N. W. 527.

The defendant lays much stress upon the fact that the plaintiff never surrendered to the defendant possession of the premises, and contends that this was necessary before a new agreement could have been entered into between the parties, and, having failed to do this, whatever the understanding between the plaintiff and defendant might have been, it amounted only to an attempted alteration of the written lease. It will not do to say that the parties were powerless to make a new contract concerning these premises without going through the formality of changing the possession. Besides, according to her testimony, plaintiff was about to surrender the premises to the defendant, and

offered to do so, but was induced by defendant to retain them.

The obligation of the new contract on both parties was entirely different: every element of a new contract is contained in the new agreement; the only thing common to both was the subject-matter, the premises. Therefore, under the evidence of plaintiff, which the jury must have believed, as shown by the verdict, there was a new contract between the parties as contended by the plaintiff.

Second, The defendant contends that there is error on account of the nature of damages allowed to the plaintiff by the jury and court, and error in the application of the rule for the measurement thereof. Where one party to a contract has breached the contract and prevented the other party from performing his obligations thereunder. Elliott on Contracts gives the rule as to the remedy of the injured party as follows:

"Sec. 2095. Remedies Available. On breach of contract the injured party has his choice of three remedies in a proper case. He may sue on the contract for the damages he has sustained by reason of the breach, or he may consider the contract terminated by the breach, and sue on the quantum meruit under an implied contract and recover for his services and the amount expended by him on the contract, or he may have recourse to equity and compel a specific performance of the contract."

The plaintiff in this case, upon her eviction from the premises by the defendant, elected to sue on the quantum meruit, and the trial court permitted her to maintain her action and recover for the services rendered etc. This position is well sustained by the rule announced above, and the great weight of authority. 9 Cyc. 688; Hemminger v. Western Assurance Co., 95 Mich. 355, 54 N. W. 950; Richards Mach. Co. v. Swartzel, 70 Kan. 773, 79 Pac. 660; 6 R. C. L. 389; United States v. Behan, 110 U. S. 338, 4 Sup. Ct. 81, 28 L. Ed. 168.

Under the substituted contract, there was no provision for any compensation to the plaintiff for her services and trouble in conducting the hotel during the summer months, other than the profits contemplated during the winter months, and, the contract being wrongfully terminated by the defendant, thereby preventing her from reimbursing herself under the contract, certainly she had a right, if she elected to do so, to sue for the reasonable value of her services and the money advanced and material furnished.

A careful examination of the instructions in this cause discloses that, the court prop-

erly and fairly submitted the issues to the jury, and committed no prejudicial error in stating to the jury the law of the case in said instructions.

Therefore the judgment of the lower court should be affirmed.

By the Court: It is so ordered.