## EMERSON-BRANTINGHAM IMPLEMENT CO. v. WARE et al.

No. 8661.—Opinion Filed Sept. 3, 1918.

(174 Pac. 1066.)

(Syllabus.)

1. Pleading— Inconsistent Defenses—Election.

Even if defenses are inconsistent, unless expressly prohibited by statute they may still be united in one answer, and the pleader cannot be compelled to elect between such defenses.

2. Sales—Particular Description — Default of Seller.

Where an article is sold according to a particular description, and the thing delivered is not according to the description, it is a nonperformance of the contract upon the part of the seller.

3. Same — Tender— Necessity.

Where a sale is made of a described article, the tender of an article answering the description is a condition precedent to the purchaser's liability, and if the condition is not performed the purchaser has the right to reject the article delivered, provided he does so within a reasonable time.

4. Sales — Rejection by Buyer — Reasonable Time.

What is reasonable time is a mixed question of law and fact, and depends upon the facts of each particular case. Unless the time is unusually short or unusually long,

the question should be submitted to the jury under proper instructions.

5. Same.

Under the facts, as disclosed by the record in this case, the question as to whether the article delivered was rejected within a reasonable time was properly submitted to the jury, and its verdict is found to be amply supported by the evidence.

6. Contracts—Modification.

A contract in writing may be altered by a contract in writing or by an executed oral agreement, but not otherwise.

7. Appeal and Error—Harmless Error.

Under section 6005, Rev. Laws 1910, the Supreme Court is not authorized to set aside any judgment or grant a new trial in any case on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

8. Instructions.

The record in this case examined, and held that the error, if any, in the instructions did not result in a miscarriage of justice.

Error from District Court, Ellis County; T. P. Clay, Judge.

Action by the Emerson-Brantingham Implement Company against Lavin Ware and R. E. Tolliver. Judgment for defendant, and plaintiff brings error. Affirmed.

F. L. Boynton and C. L. Billings, for plaintiff in error.

H. L. Adkins, for defendants in error.

RAINEY, J. The plaintiff in error, plaintiff below, the Emerson-Brantingham Implement Company, instituted this action against the defendants in error, defendants below, Lavin Ware and R. E. Tolliver, to recover on a series of promissory notes aggregating the sum of $1.831.04. We will designate the parties as they appeared in the trial court.

The defendants in their answer admitted the execution and delivery of the notes sued on, and as a defense thereto alleged, in substance, that they had been induced by the plaintiff, through its agents, to purchase from the plaintiffs a Big 4—30, Model F, tractor, which was to be well made, of good material, and, with proper use and managment, to do as good work as any other machine of the same kind manufac-

tured for like purposes, and that the plaintiff guaranteed the engine to pull 12 discs successfully and also to harrow with a three-section harrow; that the purchase of said tractor was made under the terms of a written contract, a copy of which was attached to defendants' answer; that under said contract the defendants purchased a new tractor, and that a few days after the tractor in question was delivered to them they discovered for the first time that it was not a new engine, but an old one, and was unsuitable in every respect for the uses for which it was purchased.

The pleadings are considerably extended, and there is considerable evidence in the record relative to the condition of the tractor when delivered, the defects apparent at that time, and those that subsequently developed or were discovered. There is also much testimony in the record as to the efforts of certain experts, employes of plaintiff, in endeavoring to repair the tractor in order to put it in condition to do the work for which it was intended and to make it acceptable to the purchasers.

In their answer defendants tendered to the plaintiff the tractor it delivered to them. After institution of the suit the plaintiff's agents went to the premises of the defendants, secured the tractor, and sold the same, as they claim, under the terms of their written contract. The defendants by supplemental answer and cross-petition, alleged that the plaintiff did not sell the tractor as provided by the terms of the written contract, but that it converted the same.

The jury's verdict was in favor of the defendants, and from the judgment entered thereon the plaintiff has appealed to this court.

The principal contention made by counsel for plaintiff is that the defendants in their pleadings alleged, and in their evidence attempted to prove, inconsistent defenses, and that the jury was instructed on inconsistent theories. This contention is without merit, for this court, in the early case of Covington et al. v. Fisher, 22 Okla. 207, 97 Pac. 615, in an opinion by Mr. Justice Kane, held that the defendant may unite in his answer inconsistent defenses, unless they are expressly prohibited by statute, and that the pleader cannot be compelled to elect between such defenses. This case is followed in the recent case of Oklahoma Hay & Grain Co. v. T. D. Randall & Co., 66 Okla. 277, 168 Pac. 1012.

Counsel for plaintiff in their briefs also insistently urge that the trial court erred in instructing the jury as to the rights of the contracting parties under the terms of the written contract; but, as we view the case, the error, if any there were in the instructions in this particular, was harmless, for the reason that it was first the duty of the plaintiff to comply with its contract by delivering to the defendants the identical article purchased by them before it could expect or exact compliance on their part with the terms of the written contract. This, in our opinion, it never did. The evidence shows that the tractor was sold to the defendants by a Mr. Compton, as agent for the plaintiff, near the conclusion of the harvest in the summer of 1914. Immediately after the contract was signed the defendants informed him that they were anxious to have the tractor delivered at an early date, in order to use it as much as possible that season; whereupon he stated to Mr. Ware, one of the defendants, that the plaintiff had an engine in Wichita, which had been used solely for demonstration purposes in the house; that it was practically as good as new, and that it had just been used enough to be limbered up, and for that reason would probably give them better satisfaction than a new engine; that the plaintiff had other engines in Kansas City, but that it could get the engine out of Wichita about two days sooner than one could be shipped from the former place. On these representations and conditions the defendants agreed to take the used tractor. The company sent a Mr. Cox to unload the tractor, and he, together with Mr. Ware, one of the defendants, took it out to Mr. Tolliver's place. On the way it was discovered that the jaw clutch of the engine was out of order and that the tractor would not run in intermediate gear. Mr. Cox worked on the engine from about 10:30 o'clock the day it was unloaded until noon the next day, when he left; but before leaving he made out the following report, which was also signed by Mr. Ware and Mr. Tolliver:

"Emerson-Brantingham Implement Company. Expert Operator's Report.
            "Date July 8, 1914.

"Instructions to Expert: Fill out plainly and completely one of these reports for each machine you visit. Mail at once to branch handling this territory.

    Big 4.        30—60.      No. 1641.
(State Kind of Machine.) (Size No.) (No. of Machine.)

R. E. Tolliver & Lavin Ware, Supply & Fargo,
    (Name of Purchaser.)    (P. O. Address.)
              Ellis, Okla.
        (County and State.)
        "Report in Detail.

"(1) Who ordered you to this machine—Wichita Branch.

"(2) From what point did you come—Horelton, Kans.

"(3) Were you starting a new machine or experting on one already in use—Starting new machine.

"[Nos. 4, 5, and 6 left blank.]

"(7) Condition when you left. What did you do? First-class running order.

"(8) If starting machine, state below any parts ordered by you and why ordered —4140 T, 4125 T. 4108 T, parts defective.

"(9) Where were these obtained from? Not yet arrived.

"(10) Did you promise customer anything? If so, state fully. No.

"[Sign here] Gayle M. Cox.

Purchaser's Statement.

"Emerson-Brantingham Implement Company, Rockford, Ill.—Gentlemen: I, or we, have carefully noted the within report of your expert, and the same is true and satisfactory to us, except the articles your Mr. Cox ordered for us. The spark plugs are not good and we think we are entitled to a new set of plugs. We also want a man.

"Lavin Ware.
"[Sign here] "R. E. Tolliver.
"Addenda to Expert's Report.

"To put the jaw clutch on when it comes; the one on now is in very bad order and cannot be used at all. Lavin Ware."

In about two weeks more trouble developed with the engine—the pump began leaking, and got so bad that finally they had to pack it every half day. The bearings on the crank shaft worked loose and began wabbling, and the engine would get so hot it would not work. It is unnecessary to relate all the troubles had with the tractor; they were very numerous, indeed, and as a result it proved practically useless to the defendants.

The law, under such circumstances, seems to be pretty well settled in this jurisdiction. In Brown v. Davidson, 42 Okla. 598, 142 Pac. 387, this court, in an opinion by Commissioner Brewer, held that where an article was sold by a particular description, and the one delivered was not according to said description, it was a nonperformance of the contract on the part of the seller, and that, where the sale was of a described article, it was a condition precedent to the purchaser's liability that an article answering to the description be delivered, and that where such condition was not performed the purchaser had the right to reject the article. See Brown v. Baird et

al., 5 Okla. 133, 48 Pac. 180; Benjamin on Sales, p. 798, No. 918; Tiffany on Sales, pp. 247, 248, No. 77.

The new tractor purchased by the defendants from the plaintiff under the terms of the contract was never delivered. When the parties to the contract designated that the machinery purchased was to be new machinery, they evidently meant machinery in the condition it was when first manufactured and that had not been worn or defaced in any degree. Maxwell et al. v. Bastrop Mfg. Co., 77 Tex. 233, 14 S. W. 36.

A seller cannot be said to have complied with his contract when the article sold was to be new and the article delivered was old, secondhand, or had been used in such a way as to render it unsuitable for the purposes for which it was manufactured. But plaintiff says, in effect, that the defendants agreed to modify the contract by accepting the tractor that had been used. This they did on condition that the tractor that had been used for demonstration purposes was in good condition and capable of performing as good work as a new one; that is, one in the condition for practical purposes as it was when manufactured.

We regard this agreement to modify the contract as purely executory, and that it did not have the effect of modifying the written contract until performed; for the written contract could not be altered, except by a contract in writing or by an executed oral agreement. Halsell et al. v. Renfrow et al., 14 Okla. 674, 78 Pac. 118, 2 Ann. Cas. 286; Neverman v. Bank of Cass County, Neb., 14 Okla. 417, 78 Pac. 382; Swain v. Seamans, 9 Wall. (76 U. S.) 254, 19 L. Ed. 554; Maisen v. Cartwright et al., 43 Okla. 737, 144 Pac. 375; Early v. King, 38 Okla. 206, 135 Pac. 286; section 988, Rev. Laws of 1910.

If, pursuant to the agreement, the defendants had accepted the secondhand or used tractor in lieu of the new tractor sold to them, the written contract would have been modified to this extent, and the rights of the parties would have been governed thereby.

It may be said generally that where the buyer, after inspection or after a full opportunity to examine, accepts the property, he is estopped from afterwards denying that the article delivered was not of the description of the one purchased. This rule has no application to the facts of this case, for the reason that the purchasers, as is clearly shown by the evidence, were induced to retain the tractor delivered on the express representations of the seller's agent that the same would be repaired and

made fit for the use for which it was intended. After the tractor was delivered to the defendants the plaintiff, on several occasions, sent its agents to work on the same in an effort to put it in suitable condition to perform the work for which it was intended, which efforts continued over a long period of time. Just a short time before the suit was instituted one of the agents of the company worked on the machine, and left promising to come back the next spring and put it in suitable condition, but before spring arrived this suit was instituted. Under these circumstances, it seems to us that the conditions on which the contract was to be modified were executory in their nature and were never performed on the part of the seller.

It is insisted, however, that the defendants retained the used tractor for an unreasonable time and were therefore not in a position to rescind the contract when suit was instituted on the notes given for the purchase price. Unless the time is unusually short or very long, what constitutes a reasonable time is generally a question for the jury. This question was properly submitted to the jury in this case, and, under the circumstances hereinbefore related, we are satisfied that the jury was justified in finding that the offer to rescind was made within a reasonable time. In determining what is a reasonable time in any case, we must look to the circumstances of that particular case. Smith v. Pelton Water Wheel Co., 151 Cal. 394, 90 Pac. 934; Salmon et al. v. Helena Box Co., 147 Fed. 408, 77 C. C. A. 587; Faulkner v. Allen, 70 Okla. 280, 173 Pac. 1133.

Section 6005, Rev. Laws of 1910, makes it the duty of this court not to set aside any judgment or grant a new trial in any case on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of had probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

We have very carefully examined and considered the entire record in this case, and are of the opinion that, although the court may have erred in instructing the jury as to the rights of the respective parties under the written contract entered into between them, the plaintiff in no event was entitled to recover, and that such

error if any there were did not result in a miscarriage of justice.

The judgment is therefore affirmed.

All the Justices concur.