## WALKER v. JOHNSON et al.

No. 13128—Opinion Filed April 29, 1924.

Rehearing Denied June 24, 1924.

(Syllabus.)

1. Contracts—Alteration of Written Contract—Statute.

Section 5081, Comp. Stat. 1921, which provides: "A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise," not only prevents the alteration of a written contract, as to some of its terms, by an unexecuted parol contract, but also prevents an alteration of the contract as to all of its terms, so as to amount to a substitution of a new contract for the written contract, unless such new contract is in writing, or is an executed oral contract.

Error from District Court, Jackson County; A. S. Wells, Assigned Judge.

Action by M. Johnson and another, against John B. Walker. Judgment for plaintiffs, and defendant brings error. Reversed.

W. B. Garrett, for plaintiff in error.

Guy P. Horton, for defendant in error.

COCHRAN, J. M. Johnson and F. W. Johnson instituted this action against John B. Walker for judgment on a promissory note. Judgment was rendered for the plaintiffs, and the defendant has appealed, and has presented several assignments of error, but all of them can be determined by consideration of the alleged error of the trial court in overruling the demurrer of the defendant to plaintiffs' evidence.

Walker entered into a written contract with the Johnsons by which he agreed to purchase from them certain real estate, for which he agreed to pay $15,000, $1,294 cash, $5,000 on January 1, 1921, and the balance in three annual payments. After the written contract had been entered into Walker was unable to pay the $1,294 cash, and executed his note to the plaintiffs in that amount, payable January 1, 1921, and secured by a mortgage on other property. The

deed, mortgage, and note were placed in escrow in the City National Bank of Altus, Okla.

The plaintiffs in their petition allege that on account of economic conditions, the price of land which they had agreed to convey depreciated in value to a considerable extent between the time the contract was made and the time the first payment was to be made, and the defendant advised the plaintiffs that he would be financially unable to carry out his part 'of the contract, and proposed to plaintiffs that, if they would release him from any liability under the contract, he would pay plaintiffs the indebtedness evidenced by the note of $1,294. That the plaintiffs accepted this proposition, and it was verbally agreed between the parties that in consideration of releasing the defendant from the purchase of the land, the defendant would pay plaintiffs the amount of the note according to its terms.

Plaintiffs' action was based upon this verbal contract. The defendant denied that any such verbal contract was entered into between the parties, and alleged that the plaintiffs entirely failed to carry out the terms of the written contract, and that there was an entire failure of consideration for the note. The evidence of the respective parties tended to support the allegations of the petition and the answer respectively. It is the contention of the defendant that the demurrer to the evidence should have been sustained because a verbal, unexecuted oral agreement is insufficient to extinguish a contract in writing. Section 5081, Comp. Stat. 1921, provides:

"A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."

No contention is made by the plaintiffs that the verbal contract was executed, but the plaintiffs contend that, although a contract in writing cannot be altered or modified except by a contract in writing or by an executed oral agreement, a written contract may be entirely extinguished and a new contract substituted therefor upon a valuable consideration, although such new contract is not in writing. To support this contention the plaintiffs rely on Smith-Wogan Hardware & Imp. Co. v. James W. Moon Buggy Co., 26 Okla. 161, 108 Pac. 1103; Persoll v. Henry (Cal.) 95 Pac. 154; Stickton H. & Agr. Wks. v. Glenn Falls Ins. Co. (Cal.) 53 Pac. 565.

The case of Smith-Wogan Hardware & Imp. Co. v. J. W. Moon Buggy Co., supra, does not construe section 588, Comp. Stat. 1921, and is not to be considered as announcing the rule contended for by the plaintiffs, although in paragraph one of the syllabus it is stated:

"At any time after a written contract has been entered into the parties may orally, on a fresh consideration, vary or abrogate it; or they may substitute for it a new written one."

If this case is to be considered as construing the above section of the statute, the written contract may not only be entirely abrogated, by an oral contract substituted therefor, but may be altered by such verbal contract, as the statement in the syllabus is that "the parties may orally, on a fresh consideration, vary or abrogate it." The plaintiffs concede that section 581, supra, must be construed as preventing the alteration of a written contract, except by a contract in writing or by an executed oral agreement, and to that extent necessarily concede that the above case cannot be considered as construing that statute.

In Bonicamp v. Starbuck, 25 Okla. 483, 106 Pac. 839; Early v. King, 38 Okla. 206, 135 Pac. 286; Maisen v. Cartwright, 43 Okla. 737, 144 Pac. 375; Clark v. Slick Oil Co., 88 Okla. 55, 211 Pac. 496; and Stebbins v. Lena Oil Co., 89 Okla. 244, 214 Pac. 918, this court has construed the above statute as preventing the variation of the terms of a written contract, unless by a written agreement or an executed oral contract. The California cases referred to by plaintiff apparently support their contention, but we are unwilling to follow these cases in this jurisdiction. It appears to be entirely unreasonable to say that a contract in writing may not be altered as to some of its terms unless by a contract in writing or an executed parol contract, and yet permit a contract which is required to be in writing under the statutes of fraud to be altered as to some of its terms by a subsequent unexecuted verbal contract, which if permitted to stand would abrogate and extinguish all of the terms of the original contract. The statute under consideration was passed for the purpose of rendering more sacred the terms of a written contract freely and voluntarily entered into between the parties, and the purpose of the statute would be as much defeated, or more so, if the entire contract could be abrogated and a new contract substituted therefor, by oral testimony of such new contract, as if only some of the terms of the written contract were altered or changed. In the instant case, if plaintiffs' contention is true, all of the terms of the original contract were changed and an entirely different contract substituted therefor, no part of which was executed. Such contract cannot

be permitted to stand in this jurisdiction. In Levin v. Hunt, 70 Okla. 63, 172 Pac. 940, a different conclusion from that which we have here announced was reached, and in the first paragraph of the syllabus it was held:

"While under section 988, Rev. Laws 1910, the parties to a written contract cannot alter the same by parol, they may. independent of the statute, rescind the written contract by parol and substitute therefor a new parol contract; said section has no application to the new contract."

This case is in conflict with the case of Maisen v. Cartwright, 43 Okla. 737, 144 Pac. 375, which supports the rule which we have here announced, and in which the following language is used:

"As thd effect of the execution of the subsequent oral agreement would be an alteration to its entire abrogation of the contract in writing, and Comp. Laws 1909, sec. 1139 (Rev. Laws 1910, sec. 988), provides: 'A contract in writing may be altered by a contract in writing or by an executed oral agreement and not otherwise,' the petition fails to state facts sufficient to constitute a cause of action. This for the reason that, if the contract in writing cannot be thus abrogated, the contract stands as written, and the law will not recognize the oral agreement sought to be enforced.'"

For the reasons stated, we are of the opinion that it was not permissible to prove the extinguishment of the written contract by the unexecuted parol agreement, and that the demurrer to the evidence should have been sustained.

For the reason stated, the judgment of the trial court should be reversed, with directions to proceed further in accordance with the views herein expressed.

JOHNSON, C. J., and NICHOLSON, HARRISON, and WARREN, JJ., concur.