## MINNEHOMA OIL CO. v. KOONS.

No. 12309—Opinion Filed May 13, 1924.

Rehearing Denied June 10, 1924.

1. **Evidence—Parol Evidence to Vary Writings.**

The rule that parol evidence is not to be received to vary the terms of a written instrument excludes all previous and contemporaneous declarations, but it does not exclude independent and collateral agreements made after the contract is completed, whether on the same occasion or at a subsequent time. Such testimony is not used to vary the terms of a written contract, but to prove that it has become inoperative by reason of a subsequent and independent one.

2. **Continuance—Ground of Surprise.**

Surprise at the trial is not sufficient ground for a continuance unless the surprise is such as cannot be obviated by the exercise of ordinary care and due diligence on the part of the party asking for the continuance.

3. **Principal and Agent—Agency and Authority—Jury Questions.**

The apparent authority of an agent is to be gathered from all the facts and circumstances in evidence, and is a question of fact for the jury. On the question of agency, where the evidence is conflicting and there is any competent evidence tending to establish agency and the extent of the authority of the agent, the question as to such agency and the authority of the agent are questions to be determined by the jury.

4. **Sufficiency of Instructions.**

Instructions examined, and held applicable to the case.

5. **Judgment Sustained.**

Record examined, and held, that the verdict of the jury and the judgment of the court are sustained by the evidence.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Osage County; Chas. B. Wilson, Jr., Judge.

Action by D. T. Koons against the Minnehoma Oil Company. From a judgment in favor of the plaintiff, defendant brings error. Affirmed.

C. H. Rosenstein, for plaintiff in error.

Leahy, MacDonald & Holden and Paul N. Humphrey, for defendant in error.

Opinion by PINKHAM, C. This is an action prosecuted by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, in the district court of Osage county on the 17th day of November, 1919, for the recovery of a balance of $4,118, alleged to be due from defendant to plaintiff on account of services performed by plaintiff under a certain drilling contract between said parties made and entered into on the 20th day of January, 1919, and a supplemental contract alleged to have been verbally made between plaintiff and defendant through the defendant's agent on or about the 29th day of April, 1919.

The defendant admits the execution of the written contract, and that the plaintiff performed thereunder the services claimed by him to have been performed.

Defendant admits that it owes the plaintiff a balance of $1,907.90, and that prior to the bringing of this action it tendered said sum to the plaintiff.

Defendant denies that it entered into the supplemental contract alleged by plaintiff, and denies that it is indebted to plaintiff in any amount whatever for services claimed to have been performed by plaintiff pursuant to such supplemental contract.

The case was tried before the court and jury and resulted in a verdict for the plaintiff in the amount of $4,188. Judgment was rendered by the court that the plaintiff have and recover of and from the defendant the sum of $4,188, together with interest at the rate of 6 per cent. per annum from the 29th day of July, 1919, to all of which verdict of the jury and judgment of the court thereon the defendant excepted and its exceptions were allowed.

Thereupon the court heard evidence upon the matter of an attorney's fee and found that a reasonable attorney's fee in said cause is the sum of $750.

Thereupon the court further finds that the plaintiff has duly filed his lien statement as provided by law, and that the judgment herein is a lien upon the property described in plaintiff's petition.

It was therefore decreed by the court that the plaintiff have and recover of and from the defendant the further sum of $750 as his attorney's fee in said cause, and that the lien heretofore filed by the plaintiff upon the said property be and the same is hereby foreclosed and the property covered thereby, and the same is hereby ordered sold to satisfy said judgment and lien in the manner provided by law: to all of which the defendant excepts and its exceptions are allowed by the court.

Motion for new trial was overruled and exceptions saved. The cause comes regularly on appeal to this court.

Numerous assignments of error are set out in defendant's brief, which are discussed under several propositions, the first of which is that the court erred in overruling and denying defendant's objection to the introduction of any evidence.

It is earnestly contended that the verbal contract, under which the plaintiff claims, varied and modified the written contract previously entered into by the parties.

Authorities are cited in defendant's brief in support of the contention made, but an examination of the cases relied upon shows, we think, very clearly that the rule announced in the authorities referred to has no application to the undisputed facts disclosed by the record in this case.

The contract upon which the plaintiff re-

lies and which it is contended the verbal contract alters and modifies, contains this provision:

"Party of the first part shall carefully examine the rig, all machinery, casing and other appliances to be furnished for said well by the party of the second part, and if any defect be found therein sufficient to make the use of such casing * * * or other appliances unsafe. he shall immediately notify the party of the second part of such defect or defects and the party of the second part shall at once replace the article found defective with a good and safe one."

There is no conflict in the evidence as to the defective condition of the casing at the time the plaintiff was ready to place the same in the well.

It clearly appears that after the plaintiff had drilled the well in question to a depth of about 2,260 feet he prepared to run the casing in the well, which the company had furnished, and after inspecting the same, as the written contract required him to do, discovered its defective condition; that it would not screw together; "that it was a bad thread"; and the plaintiff refused to use it.

The plaintiff then notified the field boss of the defendant company, who reported the situation to the company's superintendent. These representatives of the defendant company were informed by the plaintiff that it would be dangerous to use the casing in the condition it was in, and that he would not assume the risk of using it.

The field boss and superintendent authorized the plaintiff to run the casing and stated that the defendant company said that the defective casing should be run, and that it would be responsible for the consequences.

Acting under the instructions of the company's agents the plaintiff proceeded to run the casing as agreed in this new contract. The evidence discloses that as a result of the defective condition of the casing it parted and some 1,500 feet of it dropped to the bottom of well, and acting under the orders of the company's agent plaintiff removed it, which necessitated the labor on the part of the plaintiff of 59 days, for which labor and the use of the tools furnished by plaintiff in connection with the work he claims $35 per 12-hour day.

The only question in controversy in the case is whether the defendant company is liable to the plaintiff for the work he performed in removing the casing from the well.

It is the defendant's contention that un-

der the terms of the written contract all of the work done in drilling this well included the work done by the plaintiff by reason of the falling casing and that it is not liable to the plaintiff for this extra labor, and that the claim of the plaintiff that he performed this extra work under a verbal agreement with the company's representatives cannot be sustained for the reason that the parol contract violates the terms and condition of the written contract.

As we view the case the defendant had breached his contract with the plaintiff in failing to replace the casing found defective with good and safe casing, after having been notified by the plaintiff of the defective condition of the same.

The defendant's representatives, being doubtless of the opinion that it would be safe to use the defective casing, authorized the plaintiff to proceed and agreed with him to be responsible for the outcome.

With this situation wholly unforeseen at the time of the making of the written contract, the parties made the verbal contract, which, we think, was wholly independent of the written contract on which the defendant relies.

It was simply a case of emergency wholly unforseen, in which emergency this verbal contract was made in order that the well might be completed.

In view of these facts and circumstances the court did not err in admitting the testimony introduced to prove the oral contract.

"The rule which excludes parol testimony to contradict or vary the terms of a written instrument has no application where the object of such testimony is to show a new subsequent agreement, involving the same subject matter. Contemporaneous oral agreements are excluded because the writing is presumed to contain the final contract of the party; but it is competent to prove a new and distinct agreement upon the new consideration whether it be a substitute for the old or in addition to and beyond it." Bannon v. Aultman, 80 Wis. 307.

In the case of Levin v. Hunt, 70 Okla. 63, 172 Pac. 940, it is held in the first paragraph of the syllabus:

"While under section 988, Rev. Laws 1910 (sec. 5081, Comp. Stat. 1921), the parties to a written contract cannot alter the same by parol, they may, independent of the statute, rescind the written contract by parol and substitute therefor a new parol contract; said section has no application to the new contract."

In the case of McConnell, Respondent, v.

Carona City Water Co., Appellant, 149 Cal. 60, it is said:

"Notwithstanding a contract to construct a tunnel to artesian wells is entire and indivisible, yet, where the work was done as agreed according to the specifications of engineers employed by the owner and to their satisfaction, and through the fault of the owner in furnishing defective timber, of which the contractor complained, and the mistake of the engineers as to the strength of timber required the tunnel caved in the contractor was not responsible for such fault and mistake and was not required to make good the loss but may recover the reasonable value of the extra work required to repair the tunnel."

It is contended that the court erred in admitting evidence of the acts of the company's superintendent and in denying defendant a continuance, on the ground of surprise.

It appears that after testimony had been introduced to the effect that the superintendent had instructed and authorized the plaintiff to run the casing at defendant's risk the defendant requested the court to grant it a continuance in order that it might have an opportunity to meet the evidence introduced by the plaintiff with reference to the oral contract between the plaintiff and the superintendent acting on behalf of the defendant.

The argument is that the petition alleged specifically a contract made with the field boss, one W. T. Byrd.

The defendant complains not so much of the admission of the evidence of the acts respecting the superintendent as of the action of the court in not granting a continuance.

We think that the defendant's request for a continuance was wholly insufficient (section 584, Comp. Stat. 1921), and that the court did not err in denying the same.

"Surprise at the trial is not sufficient ground for a continuance unless the surprise is such as cannot be obviated by the exercise of ordinary care and due diligence on the part of the party asking for the continuance." M., K. & T. Ry. Co. v. Horton, 28 Okla. 815, 119 Pac. 233.

It is further contended the court erred in overruling defendant's demurrer to the evidence. The argument is that the demurrer to the evidence should have been sustained, first, because the evidence showed an attempt to vary and alter the terms of a written contract. This contention had already been considered and disposed of. Second, the evidence failed to show that

.the agents of the company had authority to enter into the oral contract.

The evidence submitted to prove that the field boss and the superintendent had the necessary authority to make the new contract is. in effect, that Mr. Byrd was the field boss and Mr. Shaner was the superintendent of the company; that the officer who had signed the written contract informed the plaintiff, in response to plaintiff's question as to whom he should receive orders from, stated that what either Mr. Byrd or Mr. Shaner says "goes"; that Byrd and Shaner were in charge of the lease; that both bought the materials for use thereon; that both hired the teamsters and roustabouts; Mr. Byrd made up the pay-rolls. and made contracts for repairing materials; that the company paid the casing crew under its new contract; that Mr. Byrd kept the time and reported the progress of the fishing job caused by. the parting of the defective casing and after approving this report forwarded it to the company; that Mr. Shaner, the superintendent, had authority to authorize Mr. Byrd, the field boss, to do anything pertaining to the well or the operation thereof; that Mr. Shaner. the superintendent, had complete authority under this lease; that the officer of the company who signed the written contract made no claims that the oral contract was unauthorized when he was presented with a statement for all the work done under it although this was after he had approved the payment for the work of the casing crew.

We think that the scope and extent of the agent's, Byrd's, authority, is to be gathered from all the facts and circumstances in evidence and was to be determined by the jury.

"The apparent authority of an agent is to be gathered from all the facts and circumstances in evidence and is a question of fact for the jury. On the question of agency where the evidence is conflicting and there is any competent evidence tending to establish agency and the extent of the authority of the agent the questions as to such agency and the authority of the agent are questions to be determined by the jury." Ginner & Miller Pub. Co. v. Sherman Machine & Iron Works, 93 Okla. 221, 220 Pac. 650.

The third ground of the demurrer to the evidence, that the verbal contract was not sufficiently definite, cannot be sustained.

It is next contended the court erred in refusing to give defendant's requested instructions, and also that the court erred in its instructions to the jury.

It is sufficient to say that after an examination of the requested instructions refused by the court and of the instructions given by the court, we think the requested instructions were properly refused, and the instructions given were applicable to the issues raised in the case, and that the jury was warranted in finding by its verdict that the plaintiff should recover in full for the work performed by him under the oral contract at the rate of $35 per 12-hour day.

The last proposition submitted by defendant is that the court fixed an excessive attorney's fee.

It is contended that this fee is excessive when the record shows that suit was brought to recover $4,188 and the defendant in its answer admitted owing the plaintiff $1,907.90, so that the full amount in controversy was $2,280.10.

It is true that the defendant tendered, under its pleadings, the full amount of $1,907.90, which the plaintiff was entitled to. The pleadings, however, show that this amount was $215.10 less than the amount claimed by the plaintiff to be due under the written contract.

The plaintiff testified that the defendant at no time offered to pay the balance due him under the written contract.

Plaintiff was compelled to file suit and to prosecute it through the trial court and this court. Evidence was offered on behalf of the plaintiff as to what would be a reasonable fee in the case. The defendant did not offer any evidence in support of its contention that the fee allowed is excessive.

In these circumstances and in view of the many questions raised in the case, we think the fee allowed by the trial court was reasonable.

On the entire record we are convinced that the defendant had a fair trial and that the judgment on the whole is reasonably sustained by the evidence, and that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.