## WESTERN SUPPLY COMPANY v. OIL COUNTRY DRILLING CO.

No. 14659—Opinion Filed Feb. 12, 1924.

1. **Trial—Demurrer to Evidence—Motion to Direct Verdict—Consideration.**

When a question is presented to a trial court on a demurrer to the sufficiency of the evidence or on a motion to direct a verdict, the rule of law is, whether, admitting the truth of all the evidence which has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough evidence to reasonably sustain a verdict, should the jury find in accordance therewith; if such a state of facts exists, then such demurrer or motion to direct a verdict must be denied.

2. **Same.**

If the inference to be drawn from the evidence is a reasonable one, although not a necessary one, the court will not invade the province of the jury by taking from it the right to pass on the facts to be deduced from such inference.

3. **Same—Instruction Invading Province of Jury—Replevin.**

It is reversible error for the court, in its instructions, to invade the province of the jury and take from it the determination of the material, controverting, controlling fact and treat it as a question of law, and where, as in the instant case, the question of ownership and right of possession was the controlling, controverting fact, and evidence was introduced to prove that ownership and the right of possession to the property sought to be recovered in an action in replevin was in the defendant and the evidence was conflicting upon this proposition, it was reversible error for the court to charge the jury that there was no evidence to show ownership or right of possession in the defendant.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Osage County; Chas. B. Wilson, Jr., Judge.

Action by the Oil Country Drilling Company, a corporation, against the Western Supply Company, a corporation, for recovery of property aggregating the value of $10,995. Judgment for plaintiff. Defendant brings error. Reversed.

Underwood & Rodolf, for plaintiff in error.

A. S. Sands and A. B. Campbell, for defendant in error.

Opinion by THOMPSON, C. This is a replevin action commenced in the district court of Osage county by the Oil Country Drilling Company, a corporation, defendant in error, as plaintiff below, against the Western Supply Company, a corporation, plaintiff in error, defendant below, for recovery of certain machinery and oil well supplies, listed in schedule attached to petition and affidavit, aggregating the value of $10,995.

The parties to this action will be referred to as plaintiff and defendant as they appeared in the lower court.

The petition, affidavit, and bond in replevin are in regular form for an action in replevin.

The answer of defendant admitted that plaintiff was entitled to possession of a portion of the property described in said petition and that it had tendered to plaintiff such property as set forth in exhibit "A," attached to said answer, but claimed a por-

tion of said property by virtue of a mortgage and bill of sale from Charles L. Hess for an indebtedness due it in the sum of $3,268.32, which property, described in said mortgage and bill of sale, it claimed, was the individual property of the said Charles L. Hess and being a portion of the property sued for and claimed by the plaintiff in this case as its property.

The cause was tried to a jury and at the close of the testimony on part of the plaintiff the defendant demurred to the sufficiency of the testimony introduced by plaintiff, which demurrer was overruled and exception reserved, and at the close of the testimony on part of plaintiff, the defendant requested an instructed verdict, which was refused by the court, and exception reserved. The case was submitted to a jury upon the instructions of the court and the jury returned into court its verdict in favor of the plaintiff and against the defendant for certain articles of the total value of $1,847.95.

A motion for new trial was filed, presented, and overruled by the court; defendant reserved exceptions and the court pronounced judgment in favor of the plaintiff for the articles mentioned in the verdict in the total sum of $1,847.95, for a return of the property, and if the same could not be recovered that plaintiff recover of the defendant the value of said property, or of such portions thereof as was not recovered, to which judgment of the court defendant reserved its exceptions, and the cause comes regularly upon appeal to this court by the defendant from such judgment.

The attorneys for defendant submit nine assignments of error, upon which they argue that the only issue in the case for the jury to determine was over the articles of personal property which were sued for and which were not tendered, and which were claimed by the defendant under and by virtue of the chattel mortgage and bill of sale given by Charles L. Hess to the defendant, and that the verdict of the jury included certain articles which were tendered to the plaintiff, over which there was no dispute, and that certain articles were included in the verdict which plaintiff did not seek to recover in its petition, and included certain articles which had been returned to plaintiff under its tender, and that they therefore contend that the verdict is contrary to the evidence and contrary to the court's instructions.

They further contend that the court erred in overruling the defendant's demurrer to the evidence of the plaintiff, and argue that the evidence wholly failed to state a cause of action for the return of the personal property in question, and that the plaintiff must recover on the strength of his own right to possession and not on the weakness of the defendant's right to possession, and there is no competent evidence to prove that the plaintiff was entitled to the possession of them or entitled to the value thereof, and claimed that there was no identification of the chattels. It is further contended that the property mentioned in the mortgage was the individual property of Charles L. Hess and not the property of the corporation of which he was president, or, if it were the property of the corporation, that Charles L. Hess was the principal stockholder of the corporation, and was the manager thereof, and transacted the business of the corporation as he saw fit, and that the court erred in giving the following instruction to the jury:

"You are instructed, however, that the evidence in this case fails to show that the said Charles L. Hess had the right to mortgage or sell to the defendant company any articles described in said mortgage, which was the property of the plaintiff, and as to any such articles said mortgage and bill of sale is void as to the defendant company."

And contended that it was error to give such instruction, as the evidence in the case, given by Charles L. Hess, the former president of the plaintiff company, who was president at the time of the purchase of these articles, showed that this property, mentioned in the mortgage and bill of sale, was the personal property of Charles L. Hess and not the property of said company; that the giving of such instruction was misleading and amounted in effect to directing a verdict for the plaintiff.

On the first proposition presented in argument of counsel for defendant in their brief, upon an examination of the record we find that there was a tender of certain articles embraced in a certain exhibit and it does not appear to be very clear from the testimony as to whether all of such articles so tendered, as set forth in said schedule had been received by plaintiff, but it is not seriously contended by attorneys for plaintiff in their brief that all of the articles had not been so received by it. The verdict of the jury embraced some of the articles that were tendered by the plaintiff and the judgment of the trial court, upon the verdict, is that the plaintiff recover of and from defendant these articles, or upon failure to recover them, that it have judgment for the value thereof. It is very clear that plaintiff cannot, after hav-

ing received the articles, recover the same from the defendant again, nor can the plaintiff compel the defendant to pay to it the value of the articles so tendered and received, but, in our view of this case, the case will have to be reversed on other grounds. This uncertainty can be cleared up on a new trial in this case by positive proof of the exact articles returned by defendant to plaintiff under the tender.

Under the other proposition, argued under the first head, that some articles were included in the verdict which the plaintiff did not seek to recover in its petition, upon examination of the schedules it appears that this contention is not well taken as the articles complained of seemed to have been included in the exhibits.

As to the second contention, that the court erred in overruling defendant's demurrer to the evidence of the plaintiff at the close of plaintiff's testimony, upon a careful reading of the evidence in the case we are of the opinion that while we find that the evidence is not clear on the proposition of identification of property, yet there is sufficient evidence in the testimony introduced by plaintiff, taken together with all the necessary inferences that can be drawn from said testimony, upon which the case was entitled to go to the jury.

This court has established the rule that the question presented to a trial court on the sufficiency of the evidence or on a motion to direct a verdict is whether, admitting the truth of all the evidence, which has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough evidence to reasonably sustain a verdict should the jury find in accordance therewith that such demurrer or motion to direct a verdict must be denied. Great Southern Life Insurance Co. v. Long et al., 93 Okla. 129, 219 Pac. 926, and the authorities therein cited.

In the same opinion it is held:

"If the inference to be drawn from the evidence is a reasonable one, although not a necessary one, the court will not invade the province of the jury by taking from it the right to pass on the facts to be deduced from such inference."

We are, therefore, of the opinion that under this testimony, measured by the rule established in the case, supra, and the authorities therein cited, the court did not commit error in overruling the defendant's demurrer to the evidence or upon its refusal to instruct a verdict in favor of the defendant.

The most serious contention of attorneys for defendant is that there was introduced in the record direct and positive testimony in the case that the property mentioned in the mortgage was the individual property of Charles L. Hess and not the property of the corporation of which he was president and the principal stockholder at the time of the purchase of the property. The testimony of Charles L. Hess and his brother, R. E. Hess, is positive to the effect that this string of tools and the property, mentioned in the mortgage and bill of sale, introduced, executed by Charles L. Hess to the defendant, was purchased by him and was the sole, individual, and exclusive property of the plaintiff company, and the mortgage given to the defendant was for a debt incurred by Charles L. Hess for the sum of $3 268.32, and the mortgage and bill of sale were given for said indebtedness. Upon this state of the record evidence in this case, as we view it, the question should have been submitted to the jury under proper instruction and left for it to determine from this evidence whether this property so mortgaged and included in the bill of sale was the sole, individual, and exclusive property of Charles L. Hess or whether it belonged to the plaintiff company. If it were the sole, individual, and exclusive property of Charles L. Hess, the mortgage and bill of sale, given by Charles L. Hess to the defendant in this case for a just debt owing to it by the said Charles L. Hess, then said mortgage and bill of sale constituted a good and valid conveyance of said property to the defendant and vested title and the right of possession in the defendant, and in our view of the case this should have been left to the jury to determine from the evidence before it, and it was error for the court to give in charge to the jury the instruction complained of in the assignments of error of counsel. The instruction so given says:

"* * * That the evidence in this case fails to show that the said Charles L. Hess had the right to mortgage or sell to the defendant company any articles described in said mortgage, which was the property of the plaintiff, and as to any such articles said mortgage and bill of sale is void as to the defendant company."

This was for the jury to determine from the facts before it. The vice of this instruction is that the court invaded the province of the jury, in our opinion, and the trial court should have told the jury that it must determine from the evidence whether or not this property was the individual property of Charles L. Hess or the property of the plaintiff company, and, if the jury found from the evidence that the property

was the individual property of Charles L. Hess, then the chattel mortgage and bill of sale constituted a good and valid lien and conveyance, but, if the jury found from the evidence that the property, described in said mortgage and bill of sale, was the property of the plaintiff, then the said Charles L. Hess had no right to execute the same and that said mortgage and bill of sale were void. There is no other instruction given by the court submitting this issue. This instruction did not fairly state the issue on the queston of the ownership and right of possession of the property in dispute, covered by the mortgage and and bill of sale, and was prejudicial to the rights of the defendant, and, in our opinion, constituutes reversible error.

We are, therefore, of the opinion that the judgment of the lower court should be and is hereby reversed and remanded, with instructions to grant a new trial.

By the Court: It is so ordered.