## SMITH et al. v. DUNBAR CO.

No. 17480. Opinion Filed March 29, 1927.

Rehearing Denied June 21, 1927.

(Syllabus.)

**1. Contracts—Written Contract not Altered by Later Unexecuted Parol Agreement.**

A contract in writing cannot be altered by a subsequent unexecuted parol agreement.

**2. Trial—Demurrer to Evidence—Failure of Plaintiff's Evidence.**

Where there is no competent evidence which is sufficient from any angle to establish a right to recovery or to a verdict or judgment in favor of plaintiff, a demurrer thereto should be sustained.

Error from District Court, Tulsa County; C. S. Walker, Judge.

Action by H. A. Brooker against Wm. M. Smith et al., in which the Dunbar Company filed its intervening petition and recovered judgment against the defendants, from which they appeal. Reversed.

Madden and Bland, for plaintiffs in error.

W. S. Rogers and P. D. Busby, for defendant in error.

MASON, V. C. J. H. A. Brooker, as plaintiff, commenced this action in the district court of Tulsa county against Wm. M. Smith, Margaret L. Smith, and the Massachusetts Life Insurance Company. The defendant in error, Dunbar Company a corporation, fi ed its intervening petition alleging and claiming that said defendants were indebted to said company in the sum of $2, 541.21 for work and labor performed and material and equipment furnished in the construction for the defendants of the Orpheum Theater Building in the city of Tulsa. The differences between the plaintiff and the defendants were subsequently settled, and the plaintiff's cause was dismissed, and the case thereafter continued between the intervener and the defendants. The intervener's claim was based on an alleged oral contract under which it was claimed said work was performed and materials furnished. Further facts were alleged which wou'd entitle said company to have its lien on said property foreclosed if it obtained a judgment for said work and materials.

The defendants filed an answer consisting of a general denial and the further allegation that the Dunbar Company and the defendants had entered into a written contract whereby said company was to furnish and install all the electrical, heating, and plumb-

ing fixtures in said theater building in accordance with the plans, specifications, and drawings prepared by the architect in charge. A copy of said contract was attached and made a part of said answer.

Under article 3 of said contract it was provided that, subject to the additions and deductions. as provided for, the owners agreed to pay the contractor for the performance of the contract the sum of $45,-165. Under article 4 of said contract it was agreed that the specifications and drawings with all notes thereon were a part of the contract. Article 24 of the contract provides:

"No change shall be made, unless in pursuance of a written order from the owner signed or countersigned by the architect, or a written order from the architect stating that the owner has authorized the change, and no claim for an addition to the contract sum shall be valid unless so ordered."

Said section also provides the method of determining the value of any such changes. Article 25 of the contract provides:

"Claims for Extras. If the contractor claims that any instructions, by drawings or otherwise, involve extra costs under this contract, he shall give the architect written notice thereof before proceeding to execute the work, and in any event, within two weeks of receiving such instructions, and the procedure shall then be as provided in article 24."

The defendants further alleged that the claim and lien of the intervener was for work designated as "extras" in the contract. It was further alleged that the intervener had failed, neglected, and refused to comply with articles 24 and 25 of the written contract and was not entitled to recover judgment as prayed for.

The issues thus formed were tried to the court and jury. Counsel for intervener, in his opening statement to the jury, among other things, said:

"The plaintiff entered into a written contract wth William M. Smith, for the plumbing, electric work, and ventilating work, in the building on Fourth street, known as the Orpheum Building. According to the terms of this contract the Dunbar Company. a corporation, * * * were to furnish all material and labor for this work. The work progressed, and as the work progressed there were certain extras, as they are called, ordered by the architect, the owner of the building. * * * ordered to be put in by the Dunbar Company, and it is for these extras this suit is brought."

Thereupon, counsel for defendants moved for judgment on the opening statement of counsel for intervener for the reason that there was a variance between the intervening petition and the opening statement of counsel; it being urged that the intervener's petition was founded on an alleged oral contract, while in the statement to the court and jury there was an admission of a written contract for the work completed as well as for the extras sued for, and that there was no allegation in the intervener's petition of a written contract. The motion was overruled. The court. over the objection of defendants, admitted evidence of the oral contract, as alleged in the intervener's petition. In the course of the introduction of evidence in support of intervener's case in chief, said written contract was also introduced in evidence. At the conclusion of the intervener's evidence, the defendants demurred thereto and moved for an instructed verdict, which was denied, after which the defendants introduced their evdence, which tended to contradict the allegations of the intervener's petition. The jury returned a verdict in favor of the intervener for $1,-242,77, upon which the court rendered judgment and from which the defendants appeal.

For reversal. the following assignments of error are assigned by the plaintiffs in error:

(1) Error of the trial court in overruling defendants' motion for judgment on the opening statement of counsel for the intervener.

(2) Error of the trial court in admitting parol evidence to vary the terms of a written contract.

(3) Error of the trial court in overruling defendants' demurrer to the evidence of intervener and refusal to direct a verdict for the defendants.

The real question presented by these assignments is the competency and weight of intervener's evidence of a parol agreement in view of the terms of the written contract introduced in evidence.

Section 5081, C. O. S. 1921, provides:

"A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."

No contention is made by the intervener that the terms of the written contract were uncertain or ambiguous, but it urges that the parol contract sued on was a separate and distinct agreement between the parties and was not intended to alter the terms of said written contract. In such case, the de-

termination of the meaning of the provisions of the written contract is a question of law for the court, and not a question of fact for the jury.

Under the terms of said written contract, the intervener agreed to furnish and install all the heating, plumbing, and electrical fixtures in said theater building. and said contract, as herein shown, provided the conditions under which "extras" should be supplied and installed and the method of payment therefor. We, therefore, fail to see how the intervener can escape the plain provisions of the written contract pertaining to such extras.

To permit the introduction and consideration of the evidence offered by the intervener would be to do that which the statute inhibits, to wit, permit a contract in writing to be altered otherwise than by another contract in writing or by an executed parol agreement. If the intervener had complied with the terms of its written contract and had then furnished additional work and materials, not provided for in the written contract, but under a parol agreement, the rule contended for by the plaintiffs in error would not be applicable. Counsel for intervener, however. in stating the issues to the jury, admitted that his cause of action was for "certain extras" ordered by the architect as the work progressed on said building. The terms of the written contract cover and include such "extras." The evidence of the intervener discloses no more than an effort to enforce an executory parol agreement, altering and changing the terms of a written contract into which the parties entered. That this cannot be done is clear from the statutes and the adjudicated cases. Walker v. Johnson, 102 Okla. 9, 227 Pac. 113; McNinch v. Northwest Thresher Co., 23 Okla. 386, 100 Pac. 524; Guthrie & Western Ry. Co., v. Rhodes, 19 Okla. 21. 91 Pac. 1119.

Disregarding the evidence of said alleged parol agreement, there was no competent evidence sufficient from any angle to establish a right to recovery or to a verdict or judgment in favor of the intervener, and, therefore, the demurrer of defendants to the evidence should have been sustained.

The record discloses that the defendants, by their answer, admitted that they were indebted under the written contract to the intervener in a sum of $237.14, which they tendered in open court.

For the reasons herein stated, the judgment of the trial court is reversed. and the case is remanded, with directions to render judgment for the intervener in the sum of $237.14, as tendered by the defendants in their answer.

BRANSON, C. J., and PHELPS, LESTER, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 22 C. J. p. 1098, §1459; 10 R. C. L. p. 1020; 4 R. C. L. Supp. p. 687. (2) 38 Cyc. p. 1547.