The parties occupy the same position herein as in the trial court, and will be referred to as plaintiffs and defendant, as they there appeared.
Plaintiffs and the defendant oil company entered into a written contract on March 3, 1924, whereby the plaintiffs sold all oil produced by them on certain described premises to the defendant oil company at the posted price of the Prairie Oil 
Gas Company plus the premium of 25 cents per barrel. *Page 193 
At the same time a division order was executed and delivered to the defendant, and the oil company made a deposit with the plaintiffs in the sum of $5,000 to guarantee the purchase of the oil, and by the terms of the contract was to have this money deducted from the purchase price of the oil or returned to the defendant at or before the termination of the contract.
On the 23rd day of April, 1924, the defendant company notified the plaintiffs that after 6 o'clock a. m., April 25, 1924, it would not pay the premium, but would pay the posted price of the Prairie Oil Gas Company. On May 29, 1924, the defendant notified the plaintiffs that it would not pay the posted price of the Prairie Oil Gas Company from and after 7 o'clock on that day, but would pay the price posted by the Magnolia Petroleum Company. The plaintiffs continued to deliver oil to the defendant company and accepted payment, as set forth in said letters.
Thereafter, this action was commenced by the plaintiffs to recover the difference between the posted price of the Prairie Oil Gas Company plus the premium of 25 cents per barrel and the amount actually paid by the defendant company to the plaintiffs plus interest in the total amount of $6,604.24.
Upon trial of the case, the trial judge held that, inasmuch as the contract relied upon by the plaintiffs did not specify any term or period for which it was to be in force, it was subject to termination upon notice from either party, and that the letters from the defendant were notice of an abandonment and that acceptance of pay for the oil thereafter by the plaintiff was an acquiescence in the modification of the original contract. Defendant's demurrer to the plaintiffs' evidence was sustained and judgment rendered for the defendant, from which plaintiffs appeal.
The questions presented for reversal, as well as the facts in this case, are identical with those in cause No. 18196, Welch v. Pauline Oil Gas Company, opinion filed June 12, 1928,133 Okla. 122, 271 P. 651, the syllabus of which is as follows:
"The plaintiff sold the oil produced from certain oil wells to the defendant and entered into a written contract and a written division order whereby the defendant was authorized until further notice to receive oil from said wells and agreed to pay the posted price of the Prairie Oil Gas Company plus a premium of 25 cents per barrel for the same. About a month after the execution of the division order and contract, the defendant notified the plaintiff that it would no longer pay the premium, but would pay the Prairie posted price. About a month later, the defendant notified the plaintiff it would no longer pay the Prairie posted price, but would pay the price posted by the Magnolia Petroleum Company. Held, that the contract was subject to termination after notice by either party, and that the letters from the defendant to the plaintiff constituted an abandonment, and the acceptance of the pay for the oil was an acquiescence in the modification of the contract."
We must conclude, therefore, that the trial court did not err in sustaining the defendant's demurrer to the plaintiffs' evidence, and the judgment is, therefore, affirmed.
BRANSON, C. J., and HARRISON, LESTER, HUNT, RILEY, and CLARK, JJ., concur.