## GREEN v. SCOTT et al.

No. 22548.    Nov. 28, 1933.

Earl A. Brown, for plaintiff in error.

Dolman, Dyer & Dolman, for James L. Dolman, as administrator of the estate of O. F. Scott, deceased.

Ledbetter, Stuart, Bell & Ledbetter, for defendant in error Dixie Motor Coach Corporation.

George F. Short and Housten E. Hill, for defendant in error Oklahoma Transportation Company.

WELCH, J.    This was an action by the plaintiff, O. F. Scott, to recover rent on a certain brick building for ten months in 1930, January to October, both inclusive, at $100 per month pursuant to five-year lease contract executed between the plaintiff, O. F. Scott, and defendant A. T. Nutt in July, 1927, for the term of five years from August 1, 1927, to August 1, 1932.

In the trial court the plaintiff also had judgment against the defendants A. T. Nutt, B. D. Jordan, and Horace White, but those three defendants do not appeal.

The defendants Green & Giles, a partnership, and W. A. Green, personally, were not parties to the lease contract between the plaintiff, O. F. Scott, and the defendant A. T. Nutt in July, 1927, but in February, 1928, by written agreement shown of record, these defendants became assignees of the lease of A. T. Nutt, and went into and upon the premises as such assignees under their agreement to assume and pay the contracted rent. The trial court found that these defendants were therefore liable. This finding and conclusion on the part of the trial court is amply supported by the evidence, and no error of law is shown of record. In his brief this defendant, W. A. Green, for himself and for Green & Giles, a partnership, does not seriously question the correctness of this judgment against him and his partnership, but complaint is made of the sustaining of the demurrers of the two defendant corporations to the plaintiff's evidence. However, since the defendant's Green & Giles, a partnership, and W. A. Green, personally, were liable for this rent, the judgment was correctly rendered against them therefor, and that judgment against them could not be made to be erroneous because the trial court did not also give the plaintiff, Scott, a judgment against the two corporation defendants.

The trial court sustained demurrers to the plaintiff's evidence on the part of the two defendant corporations, Oklahoma Transportation Company and Dixie Motor Coach Corporation. The trial court held that plaintiff's evidence did not establish the liability of these two corporation defendants to pay this rent. The plaintiff, Scott, in his petition against all of the defendants had alleged, in substance, that Green & Giles, a partnership composed of W. A. Green and L. C. Giles, was an assignee of the A. T. Nutt lease, and that as such assignee they used the premises in connection with their operation of bus lines into and out of Ardmore. And that when thereafter the said W. A. Green and L. C. Giles sold all of their bus line properties and rights and privileges to the Oklahoma Transportation Company, the Oklahoma Transportation Company "assumed all of the obligations and liabilities of the said Green and Giles, including the obligation to pay rent to this plaintiff. That this plaintiff does not know whether said agreement was oral or in writing, but that said information is in the exclusive knowledge of the said defendant Oklahoma Transportation Company, a corporation, and therefore this plaintiff is unable to plead the ex-

act provisions of said contract, or if the same be in writing, to attach a copy thereof. That by the terms of said contract, the said Oklahoma Transportation Company, a corporation, became liable to this plaintiff to perform the convenants and conditions of said lease contract, including the payment of rent." The contract by which Green & Giles conveyed their properties and interests to the Oklahoma Transportation Company is in the record. It does not contain any such assumption on the part of the Oklahoma Transportation Company, but, on the contrary, specifically provides that there is no such assumption of any such obligation. The original lessee, A. T. Nutt, was also engaged in the bus transportation business and used the premises in Ardmore in his bus line business. In fact, from the time he leased the premises, he operated therein and thereon a bus terminal. He also sold and conveyed part of his business and interests to the Oklahoma Transportation Company. That written conveyance is in the record and likewise contains no assumption of any obligation to pay the rent provided for in the lease contract sued upon in this action, nor is there proof in the record of any oral assumption by this corporation defendant. The trial court properly held A. T. Nutt, the original lessee, and Green & Giles, a partnership, and W. A. Green, personally, assignees of the lease, to be liable to the plaintiff, and properly held that the Oklahoma Transportation Company was not an assignee of the lease, either from the lessee, A. T. Nutt, or from the assignee, Green & Giles. The evidence and proof introduced on the part of the plaintiff did not establish the allegations of the plaintiff's petition as to any assumption on the part of the Oklahoma Transportation Company.

The plaintiff in his petition had also alleged that Freeman & Freeman, a partnership, was an assignee of the lease contract by assignment from A. T. Nutt, the lessee, to Freeman & Freeman, and the plaintiff alleged further:

"That subsequent to the said 23rd day of February, 1928, and at an exact time not known to this plaintiff, the said Freeman & Freeman, a copartnership, sold all of their assets, including their interest in said lease contract aforesaid, to the Dixie Motor Coach Corporation, and this plaintiff is informed and believes, and therefore alleges and states, that the said Dixie Motor Coach Corporation assumed all of the obligations and liabilities of the said Freeman & Freeman, including the obligation to pay rent to this plaintiff. That this plaintiff does

not know whether said agreement was oral or in writing, but that said information is in the exclusive knowledge of the said defendant Dixie Motor Coach Corporation, and therefore this plaintiff is unable to plead the exact provisions of said contract, or if the same be in writing, to attach a copy thereof. That by the terms of said contract, the said Dixie Motor Coach Corporation became liable to this plaintiff to perform the covenants and conditions of said lease contract, including the payment of rent."

The partnership, Freeman & Freeman, was engaged in the operation of bus transportation lines, and as assignee of this lease this partnership also used the premises in Ardmore. The partnership of Freeman & Freeman sold all of their bus line properties, rights, and privileges to the Dixie Motor Coach Corporation by written conveyance, which is shown in full in the record. It contains no such assumption as alleged and contended by the plaintiff. Upon the contrary, the terms thereof fully negative any such assumption on the part of the Dixie Motor Coach Corporation. Nor is there proof in the record of any oral assumption by this corporation defendant. The trial court held that the evidence on the part of the plaintiff did not establish the allegations against this defendant corporation, and that there was shown no liability whatever on the part of this defendant corporation to pay to the plaintiff, Scott, the rent stipulated in the lease contract executed between the plaintiff, O. F. Scott, and the lessee, A. T. Nutt, and that the Dixie Motor Coach Corporation was not the assignee of either the lessee, A. T. Nutt, or the partnership of Freeman & Freeman. This conclusion is sustained by the record. The evidence and proof did not establish any liability on the part of this defendant corporation, and there was no error in sustaining the demurrer to the evidence of this defendant corporation.

There was evidence in the record that both the Oklahoma Transportation Company and the Dixie Motor Coach Corporation, after they had purchased the aforesaid interests and properties, did in fact make some beneficial use of the premises involved, as and for their terminal facilities in the city of Ardmore, along with the several others who were so using the same premises, but such use of the premises by these two defendant corporations was made by these defendants pursuant to arrangements with the defendant A. T. Nutt and B. D. Jordan and others, who were making similar use of the premises; and during the time these two corporation defendants made such use of the premises they paid their pro rata share into a fund for the payment of the expenses of the operation of the bus terminal operated on the premises, which expenses included the payment of the rent at $100 per month under the original lease from the owner, O. F. Scott, to the lessee, A. T. Nutt. But in this use there was nothing shown that could in any manner constitute an assignment of the lease to these two defendant corporations, or any assumption by either of them of the obligations of the lessee, Nutt, to pay the agreed rent for the balance of the five-year term to the owner, O. F. Scott. Nor was anything shown to impose any liability on either of these defendants to pay the rent on the premises, or any part thereof, beyond the time when they ceased to have any occupancy or make any use whatever of the premises. During all of the time that these defendants in any manner occupied or used the premises the rent was fully paid, and in this action the plaintiff seeks to hold these defendants liable to pay the rent agreed to be paid by the lessee, A. T. Nutt, for the balance of the five-year term after these two defendants had ceased to in any manner use or occupy the premises. No basis therefore was shown in the trial court, and none is here shown.

We therefore hold that the trial court did not err in sustaining demurrers to the plaintiff's evidence in behalf of the defendants Oklahoma Transportation Company and Dixie Motor Coach Corporation. And that there was no error in the rendition of judgment in favor of the plaintiff against the defendants Green and Giles and W. A. Green. The rendition of judgment in favor of the plaintiff and against the defendants A. T. Nutt, B. D. Jordan, and Horace White is not appealed from.

The judgment of the trial court is in all things affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, and McNEILL, JJ., concur. RILEY, C. J., and OSBORN, BAYLESS, and BUSBY, JJ., absent.