## FIRST STATE BANK OF LOCO v. LUCAS.

No. 22302.    June 5, 1934.

Mont F. Highley and L. D. Threlkeld, for plaintiff in error.

Warren K. Snyder and Lindsay Hawkins, for defendant in error.

BAYLESS, J. This is an action in which the plaintiff in error, First State Bank of Loco, Okla., sued the defendant in error, J. E. Lucas, on two notes and a written agreement on which certain credits were indorsed. Defendant, J. E. Lucas, interposed a general denial and specially denied having made the payments indorsed on said note

and agreement or either of them, and pleaded the statute of limitations in bar thereof, alleging that the credits shown on said notes and agreement were false and fictitious and made long after the bar of the statute had fallen thereon and for the sole purpose of trying to evade it. This answer was duly verified. A verified reply was filed thereto.

At the close of plaintiff's evidence the court directed the jury to return a verdict in favor of the defendant. It is to reverse this action that this appeal is prosecuted.

The contention of plaintiff in error is set out in its brief as follows:

"The proposition relied upon by the plaintiff for the reversal of this case may be summed upon in that the court erred in not submitting to the jury the question in regard to whether or not the payment of $95, which was made by the defendant to the payee on the note, was intended to be a voluntary payment and was intended to revive the evidence of the indebtedness which upon its face would have been barred by the statute of limitations but for the payment."

The notes and agreement in question were executed on March 8, 1920, by the defendant to one C. P. Toohey, as payee, who held them until about December 16, 1928, at which time he indorsed them without recourse to the plaintiff bank. It appears that on or about May 1, 1920, Toohey came into the possession of certain tools belonging to the defendant, Lucas, and that about a year thereafter he had an agreement with Lucas whereby the value of these tools would be credited on this indebtedness, and these credits were made as of May 1, 1920. One of the notes came due a day after date, one four months after date, and the agreement when a certain well named therein should have been completed. The evidence shows that this happened a few days after the agreement was executed; so that long prior to December, 1928, the bar of the statute had fallen on all of the papers. It appears to be conceded both by the appellant and the appellee that unless the $95 which was paid by Lucas to Toohey in December, 1928, was such payment on the indebtedness as would revive it under section 191, C. O. S. 1921 (sec. 107, O. S. 1931), the action was barred. The plaintiff in error contends, however, that the evidence of plaintiff was sufficient to entitle it to go to the jury with this question. In support of this contention, plaintiff in error cites American Surety Co. of New York v. Steele, 84 Okla.

166, 203 P. 1043; Preston v. Hockaday Hdw. Co., 137 Okla. 283, 279 P. 333; and Thompson v. Martin, 138 Okla. 138, 280 P. 589, construing section 191, C. O. S. 1921, supra.

From an examination of these authorities it is obvious that the statute of limitation may be tolled in three ways: First, by payment of part of the principal or interest; second, by an acknowledgment in writing of an existing liability, signed by the party to be charged; or third, by a promise of payment in writing signed by the party to be charged; and it is sufficient that any one of these conditions shall exist.

The record shows that after the execution and delivery of the notes and agreement in question, and the crediting of the material thereon as of May 1, 1920, there was nothing done in regard thereto until the summer of 1928, at which time Toohey sent a letter to the defendant, Lucas, at Breckenridge, Tex., requesting payment of the indebtedness. The testimony further shows that Toohey, at the request of the defendant, went to Texas to see him regarding this paper, and did, in December, 1928, succeed in collecting from Lucas the sum of $95. Circumstances surrounding payment of this $95 are vital. The substance of plaintiff's testimony in this regard is to the effect that the defendant was never willing to pay the indebtedness; was constantly disputing the entire account; and that the $95 paid was not paid on the account as such, and that no instructions were given whatsoever in regard thereto. The original payee, Toohey, testifying for plaintiff, said:

"There was no settlement. We never arrived at a settlement. He just gave me that on account. He didn't state that, nor I either, at the time; inasmuch as there was no other bills connected with it, I could not see anything else only it was on those notes."

This, in substance, states the evidence of the plaintiff to sustain its contention as to its right to have the question of whether the payment was a voluntary one and made on the indebtedness submitted to the jury.

The general rule is stated in 17 R. C. L. 923, as follows:

"A promise to pay cannot be inferred from the mere fact of payment of part of a debt, there being nothing to raise a presumption that it was a payment on account thereof. The principle on which part payment takes a case out of the statute

is that the party paying intended by it to acknowledge and admit the current debt to be due. If it was not in the mind of the debtor to do this, then the statute having begun to run, will not be stopped by reason of such payment. Therefore, a partial payment in order to operate as a new promise so as to avoid the bar of the statute must be made under such circumstances as to warrant the clear inference that the debtor recognizes the debt as an existing liability and indicates a willingness or at least an obligation to pay the balance. The debt or obligation must be definitely pointed out by the debtor and an intention to discharge made manifest."

In Berry v. Okla. State Bank, 50 Okla. 484, 151 P. 210, we held that a credit on a note to toll the statute must be voluntary payment. We quoted with approval from Good v. Ehrlich, 67 Kan. 94, 72 P. 545, as follows:

"A part payment, in order to be efficient to toll the statute of limitations or to remove the bar, must have been made as part payment of the obligation in question by the obligor, or by someone at his direction, and under such circumstances as to amount to an acknowledgment of an existing liability on such obligation."

Tested by these rules, the evidence of the plaintiff is wholly insufficient in that it not only fails to show any acknowledgment of liability by the defendant or any intention on his part to make any payment on such indebtedness, but, on the contrary, clearly shows that the $95 which Toohey received was paid to him without any reference whatsoever by either Lucas or Toohey as to its disposition, and that Lucas was denying the entire indebtedness.

As we have said in Smith v. Dunbar Co., 125 Okla. 215, 257 P. 282:

"Where there is no competent evidence which is sufficient from any angle to establish a right to recovery or to a verdict or judgment in favor of the plaintiff, a demurrer thereto should be sustained."

The judgment of the district court is therefore affirmed.

RILEY, C. J., and SWINDALL, McNEILL, and WELCH, JJ., concur.