## CHOCTAW LUMBER CO. v. PEAVY.

No. 23610.     Sept. 18, 1934.

Rehearing Denied Oct. 23, 1934.

McPherren & Maurer, J. S. Kirkpatrick, and Tom Finney, for plaintiff in error.

Carl S. Prewitt, for defendant in error.

OSBORN, J.   J. L. Peavy brought suit against the Choctaw Lumber Company in the district court of McCurtain county for a balance due under a contract for services rendered. The cause was tried to a jury and a verdict rendered in favor of plaintiff. From a judgment thereon defendant has appealed.

On December 1, 1928, defendant employed plaintiff as a physician. Plaintiff was to take charge of a camp known as Clebit. One Doctor Beard was head of the medical department of the defendant company, but at that time was on a temporary leave of absence and one Dr. Lokey was in charge. There was no written contract of employment, but it was agreed between plaintiff

308

and Dr. Lokey that plaintiff was to receive a salary of $170 per month. On January 1, 1929, plaintiff took charge of the camp at Clebit and remained there in the employ of defendant until June, 1930. A few months after plaintiff took charge of the camp he discovered that he was receiving only $150 per month, and took the matter up with various officials of the company, insisting that his salary was $170 per month instead of $150. Notwithstanding his protest the company continued to pay him at the rate of $150 per month until his employment was terminated. Thereafter he brought this action and recovered a judgment for $360, or $20 per month for 18 months, which was the term of his employment under the above arrangement.

Defendant contends: First, that there was no contract to pay plaintiff $170 per month for the reason that Dr. Lokey was without authority to contract to that amount. The record, however, does not bear out this contention. It is shown that a letter was received from the president of the company authorizing the payment of salaries up to $170 per month for doctors for the camps. It is contended that plaintiff did not meet the qualifications required by the company to draw $170 per month, but the evidence on this point fails, since it is not shown wherein plaintiff lacked the qualifications prescribed by the company. It is contended that plaintiff was advised by Dr. Lokey that he should see Dr. Beard, who was in charge of the medical department, before he entered into the performance of his duties at Clebit, but it is not shown that he was advised that his contract with Dr. Lokey was not sufficient or authorized, or that it was necessary to enter into a new contract with Dr. Beard or to have the previous arrangement approved by him.

It is further contended that after plaintiff discovered that he was being paid only $150 per month, and thereafter remained in the employ of defendant and accepted his check each month, he is thereby estopped from claiming the additional salary. It is argued that the payment and acceptance of the lesser salary in effect constituted a novation or new contract, and in this connection defendant submitted the following instruction:

"You are further instructed, gentlemen of the jury, that if you find and believe in this case that the plaintiff was employed by a duly authorized agent of the defendant, Choctaw Lumber Company, with authority to enter into said contract and fix the salary, and you find and believe in this case that said contract of employment was from month to month, and that said plaintiff entered upon his duties as an employee of said defendant company, and at the end of said months received and accepted the sum of $150 and thereafter, knowing that his said salary was being paid at the rate of $150 per month, continued in the employment of said company from month to month, and continued to receive and accept said salary of $150 a month, your verdict should be for the defendant, unless you find and believe from the evidence that he continued in the employment of said company with the agreement and understanding by and between the plaintiff and the defendant or the duly authorized agent of said defendant, that said $150 a month was accepted only as a part payment of said salary and that the balance of $20 a month would subsequently be paid to the plaintiff."

The refusal of the court to give the above instruction is assigned as error. An examination of the record discloses that there is no evidence showing that plaintiff accepted the sum of $150 per month as full payment under the terms of employment, and it is fundamental that a contract of employment cannot be modified or rescinded or changed in its terms by a failure to comply therewith by one of the contracting parties. Section 9501, O. S. 1931.

Under the record in this case there was a contract of employment between the parties and the salary was definitely fixed. There is no showing of consent on the part of plaintiff to a different arrangement than that provided in the original contract; therefore the same was in full force and effect during his term of employment and was binding on defendant.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and McNEILL and BUSBY, JJ., concur.