## ROBINSON v. PHILLIPS PETROLEUM CO.

No. 26138.    Feb. 4, 1936.

Edwards & Robinson and Robinson & Oden, for plaintiff in error.

R. H. Hudson, H. K. Hudson, and R. B. F. Hummer, for defendant in error.

PER CURIAM. This action was commenced in the district court of Washita county by the plaintiff in error as plaintiff, against the defendant in error, as defendant, to recover the difference between certain commissions paid and the commissions claimed to have been earned by the plaintiff under a contract whereby plaintiff was employed to operate a certain service station for the defendant. The contract attached to plaintiff's petition as an exhibit and introduced in evidence among other things provides:

"Second party shall operate said service station in compliance with the rules and regulations of first party, in a manner satisfactory to and at the will of first party." (Emphasis ours.)

Subsequent to the date of the agreement and from time to time defendant notified plaintiff that from specified dates it would no longer pay the commission agreed upon, reducing it first from four cents per gallon to three cents per gallon, then from three cents per gallon to two cents per gallon, and later increasing commission from two cents per gallon to two and one-half cents per gallon. Plaintiff protested against the changes reducing the commission, but continued to operate the station and made settlements in conformity with the various changes in commission of which he was notified by the defendant.

Plaintiff admits that defendant might have terminated the contract at any time, but strenuously insists that the same could not be modified by the defendant without the actual consent of the plaintiff. We cannot agree with this contention. The rule is thus stated in 39 Corpus Juris, p. 48, sec. 19:

"An employment terminable at any time is, however, subject to modification at any time by either party as a condition of its continuance."

In our opinion, the contract involved in this action is such a contract, and when plaintiff was notified by defendant that the four cents a gallon commission would no longer be paid, but the commission would be three cents per gallon, he was at liberty to treat the contract as totally rescinded and quit the employment of the defendant, but he could not remain in such employment and simply by protest against change in the rate of commission continue the original contract in force.

In two cases, Welch v. Pauline Oil & Gas Co., 133 Okla. 122, 271 P. 651, and Malarnce v. Pauline Oil & Gas Co., 133 Okla. 192, 271 P. 937, this court has said that where the oil company contracted to purchase oil at the posted price of Prairie Oil & Gas Company, plus 25 cents per barrel premium, without any agreement as to the length of time such contract of purchase should continue, and afterward notified the sellers first that it would no longer pay the premium of 25 cents per barrel, but would continue to pay the posted price of the Prairie Oil & Gas Company, and later, that it would no longer pay the posted price of Prairie Oil & Gas Company, but would, after a certain date, pay the posted price of Magnolia Petroleum Company, and the sellers continued to deliver oil to the pur-

chaser and accepted payment therefor, they were bound by the notification of modification, and could not thereafter collect the difference between the price paid and the price agreed upon in the original contract.

The Supreme Court of Arkansas, in the case of White Sewing Machine Co. v. Shaddock, 95 S. W. 143, passed upon a very similar question, in that Shaddock was employed by the sewing machine company to sell machines under a contract giving him exclusive territory without any agreement as to the length of time said agency or employment was to continue. Thereafter, the machine company notified Shaddock that one of the counties included in the territory he was to have was withdrawn. Shaddock continued to act as agent for the company. After the termination of the agency he brought suit to recover damages because of the sewing machine company's withdrawal of a part of his territory. The Arkansas court said:

"Each of the parties to the contract reserved therein the privilege of dissolving it at any time upon notice to the other. Appellant's notice to appellee, Shaddock, cutting out of the contract the territory in Ouachita county was in effect a dissolution of the contract to that extent, though neither party had the right to alter the contract without the consent of the other. Appellee, Shaddock, then could have treated the contract as dissolved in toto by appellant or could have accepted the proposed modification. He could not reject the proposed modification and at the same time continue the original contract in force against appellant's consent."

In view of these authorities and the condition of the contract hereinbefore set out, we are of the opinion that plaintiff's continuing in the employment of defendant, after the various notices of modification, constituted assents to such modifications, and that plaintiff could not recover. The plaintiff's evidence failing to establish a right of recovery on the part of the plaintiff and against the defendant, the demurrer to such evidence was properly sustained. Finding no error, the judgment of the trial court is in all things affirmed.

The Supreme Court acknowledges the aid of Attorneys Henry L. Fist, Saul Yager, and J. A. Duff in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Fist and approved by Mr. Yager and Mr. Duff, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.