## NEW AMSTERDAM CASUALTY CO. v. SHI.

No. 27540. Oct. 5, 1937.

Rehearing Denied Nov. 2, 1937.

R. E. Bowling, for plaintiff in error.

C. H. Bowie, for defendant in error.

PER CURIAM. This is an appeal from the district court of Garvin county. The record presents an anomalous situation. On June 21, 1924, John Strickland, as administrator of the estate of Walter Strickland, deceased, instituted an action in the district court of Garvin county against A. H. Shi and Thomas L. Farriss, as copartners, to

recover an alleged balance due on the purchase price of certain real estate. Motion to quash service of summons was overruled on September 15, 1924. The matter was permitted to remain dormant until April 4, 1929, at which time the plaintiff in error filed in said cause a petition praying that it be substituted as plaintiff therein by reason of the fact that it was surety on the bond of John Strickland, administrator, and by reason thereof had become liable and bound to pay to the heirs of the Walter Strickland estate the sum of $2,000 on account of a shortage in said administrator's accounts arising out of the aforesaid transaction. On May 29, 1929, the court entered an order substituting the plaintiff in error for the plaintiff in the original action to the extent of any sums it had paid to the heirs of Walter Strickland. Proceedings to revive as against the heirs of Thomas L. Farriss, who had apparently died in the interim, were instituted and abandoned. On May 18, 1935, A. H. Shi with the permission of the court filed a separate answer out of time wherein after general denial he admitted he had in March, 1920, purchased certain real estate from the estate of Walter Strickland, deceased, but alleged that he had paid the purchase price therefor more than three years prior to June 21, 1924, and pleaded the statute of limitation in bar, and denied that the purchase was a partnership transaction. Upon the issues thus framed the matter came on for trial before a jury April 30, 1936. The plaintiff in error introduced in evidence a final report dated June 24, 1924, made by John Strickland as administrator of the estate of Walter Strickland, deceased, wherein it was stated that the partnership of Shi and Farriss was indebted to said estate in the sum of $2,247.50, with interest thereon, and an order of the county court made on August 19, 1924, settling and approving said account and distributing the estate, including the claim against Shi and Farriss, to the heirs at law of Walter Strickland and the testimony of a witness to the effect that the plaintiff in error had paid to the estate of Walter Strickland the sum of $2,000 in settlement of a shortage in the accounts of the administrator and which grew out of the aforesaid real estate transaction. The defendant interposed a demurrer to the evidence of the plaintiff in error and this demurrer was sustained and the cause withdrawn from the jury and the action dismissed. This appeal is prosecuted from the order so made and the judgment entered in accordance therewith. The only assignment of error presented and discussed is "error of the court in sustaining the demurrer of the defendant to the evidence of the plaintiff and rendering judgment accordingly." It will be noted that there was no proof that the defendant in error was indebted to the estate of Walter Strickland in any amount. It is therefore apparent that the proof of plaintiff in error was sufficient only to establish the fact that the administrator of the estate of Walter Strickland claimed that the defendant in error together with another were indebted to said estate in a named amount and that said claim had been assigned to the heirs of said estate by the county court of Garvin county and that the plaintiff in error had paid the sum of $2,000 in settlement of a shortage in the accounts of said administrator. The evidence was therefore insufficient to establish an action in debt or to establish a right to subrogation and in fact to establish a right of recovery in the plaintiff in error from any angle. The plaintiff in error cites and relies upon the case of Western Supply Co. v. Oil Country Drilling Co., 97 Okla. 188, 223 P. 399, wherein the rule applicable to a situation when a demurrer to the evidence should be overruled and a motion for directed verdict denied is stated. If the evidence of the plaintiff in error had been sufficient from any angle to establish a right to recovery or a verdict in its favor, then the contention would be well taken and the cited case would be an authority; but, since, as pointed out, the evidence was wholly insufficient to establish a recovery in favor of the plaintiff in error upon any theory, the converse rule is applicable, and this is stated in Smith et al. v. Dunbar Co., 125 Okla. 216, 257 P. 282, as follows:

"Where there is no competent evidence which is sufficient from any angle to establish a right to recovery or to a verdict or judgment in favor of plaintiff, a demurrer thereto should be sustained."

See, also, First State Bank of Loco v. Lucas, 168 Okla. 406, 33 P. (2d) 622.

No error is presented, and the contention advanced cannot be sustained.

Judgment affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, GIBSON, and DAVISON, JJ., concur.