MILLIKEN v. WILKINSON, Adm'r.

No. 29258.   March 12, 1940.

Rehearing Denied April 30, 1940.

*101 P. 2d 811.*

Fred M. Hammer and M. J. Parmenter, both of Oklahoma City, for plaintiff in error.

Whitten & Whitten, of Oklahoma City, for nonresident heirs.

Roscoe Bell, of Oklahoma City, for defendant in error.

PER CURIAM.   The plaintiff in error, hereafter referred to as plaintiff, instituted this action against the defendant in error, hereafter referred to as defendant, for the purpose of establishing a claim to additional compensation against the estate of one Sarah E. Gault, deceased, and of which estate the defendant was administrator.

The plaintiff alleged, in substance, that she had rendered services to the deceased during her lifetime which were reasonably worth the sum of $750 and for which she had not been paid; that claim therefor had been filed with the defendant in apt time and had been by him disallowed. The defendant denied liability and alleged that decedent, prior to her death, was an incompetent person under guardianship and that the court having jurisdiction of said guardianship had authorized the guardians of said incompetent to pay $10 per week for the services which the plaintiff had performed and that said sums had been paid to and received by the plaintiff in due course and that the claim against the estate of decedent was not a valid claim and therefore had been rejected. Plaintiff admitted in her reply that payment had been made as alleged by the

defendant, but alleged that the plaintiff rendered services over and beyond those for which she had been compensated, and that therefore she was entitled to additional compensation, for which she sought recovery. Trial was had before a jury, and at the conclusion of plaintiff's evidence the court sustained a demurrer thereto and dismissed the action. The plaintiff has prosecuted this appeal.

The decisive question here presented is, Did the court err when it sustained the demurrer to the plaintiff's evidence?

It is a well-established rule that a demurrer to the evidence of a plaintiff should be sustained only when the evidence offered, together with all reasonable inferences which may be deduced therefrom, is insufficient to support a verdict or judgment in favor of such plaintiff (First State Bank v. Lattimer, 48 Okla. 104, 149 P. 1099); and also that a demurrer to the evidence admits the truth of all the evidence offered by the plaintiff together with all inferences and conclusions which may be reasonably deduced therefrom. Flesher v. Callahan, 32 Okla. 283, 122 P. 489. It therefore becomes necessary to review briefly the evidence offered by the plaintiff in the case at bar. This, in substance, was: That plaintiff had been employed by J. D. Hyden to care for his wife and that the agreed wage of plaintiff for so doing was the sum of $10 per week; that upon the death of the said Mrs. Hyden the plaintiff, at the request of J. D. Hyden, stayed on in the house and cared for and nursed the decedent until her death, and that for these services she had been paid $10 per week; that upon several occasions plaintiff had complained that she was not receiving sufficient compensation for the services which she was required to perform and had been advised by the guardians that they would take the matter up with the court and see if they could get her more money; that the plaintiff never made any formal claim for such additional compensation, and that the court having jurisdiction of the guardianship matter had never authorized any other or different sum to be paid for the serv-

ices which had been rendered by the plaintiff to the deceased while she was under guardianship. It will therefore be observed that the evidence of plaintiff, measured by the rule enunciated in the above-cited decisions, was clearly insufficient to sustain a verdict or judgment in favor of plaintiff, since it failed to show any contract, either express or implied, for which the defendant's decedent was liable. Such being the case, the court proceeded properly when it sustained a demurrer to the plaintiff's evidence. Green v. Scott, 167 Okla. 54, 28 P. 2d 577; First State Bank of Loco v. Lucas, 168 Okla. 406, 33 P. 2d 622; Nehring v. Ferguson, 170 Okla. 383, 40 P. 1040; Young v. Beattie, 172 Okla. 250, 45 P. 2d 470; Robinson v. Phillips Pet. Co., 175 Okla. 640, 54 P. 2d 322; Kile v. Kile, 178 Okla. 576, 63 P. 2d 753; New Amsterdam Casualty Co. v. Shi, 181 Okla. 166, 72 P. 2d 789. The record presents no error.

Judgment affirmed.

RILEY, OSBORN, GIBSON, HURST, and DAVISON, JJ., concur.