THE GENET COMPANY, Inc., v. NATIONAL BANK OF TULSA et al.

No. 30444. Nov. 10, 1942.

*133 P. 2d 553.*

M. A. Breckinridge, of Tulsa, for plaintiff in error.

Jos. L. Hull and James E. Bush, both of Tulsa, for defendants in error.

PER CURIAM. The Genet Company, Inc., a corporation, hereinafter referred to as plaintiff, filed its action against the National Bank of Tulsa, hereinafter referred to as defendant, seeking to recover on an alleged contract authorizing the defendant to collect the sum of $328.17 from Carl Mathews of Claremore, Okla. Plaintiff will be referred to in the third person, since Genet is the sole owner of plaintiff corporation and adopts this method to present the issue in the brief.

The facts disclose without dispute that plaintiff was a furniture company whose president, Genet, conducted a sort of brokerage in furniture. He had a carload of furniture shipped from Romweber Company in Chicago. A draft with the bill of lading was sent through defendant bank directed to plaintiff at Tulsa. On receipt of the draft, totaling $1,415.04, defendant notified plaintiff, who informed it that Carl Mathews of Claremore, Okla., was entitled to the furniture on payment of the draft. Plaintiff then asked an officer of the bank named Higdon to collect $328.17 as commission for plaintiff. Defendant advised plaintiff that this could not be done without a letter of authorization. The letter was mailed to defendant and is as follows:

"Re the Romweber collection now in your hands this is your authority to release Bill of Lading to Mr. Carl Mathews upon receipt of his check for the Rom-

weber claim plus our commissions in the sum of $328.17."

It was attached to plaintiff's petition as Exhibit A, and plaintiff states in his brief that this is a suit on a breach of a written authorization. Plaintiff alleged that defendant violated the obligation in the authorization in that it did not collect the $328.17. Defendant answered admitting the receipt of the letter, but pleaded that it attempted to collect the draft for the furniture and the $328.17 but that Carl Mathews offered to pay the said amount in two separate checks; that plaintiff was informed of this and consented thereto requesting that the check for $328.17 be made to defendant so that collection could be expedited. At the instance of defendant and over the objection of plaintiff Carl Mathews was made a party defendant. The plaintiff and L. W. Higdon were the only witnesses. Plaintiff testified that he authorized the bank to collect the draft by letter referred to as Exhibit A. He then called L. W. Higdon to identify the draft drawn by Romweber of Chicago. Plaintiff also testified that he had not recovered payment. No attempt was made to disclose by the testimony any negotiations for the collection of the $328.17 commission other than the statement relative to the giving of the letter referred to as Exhibit A. At the conclusion of the testimony defendant demurred to the evidence. The trial court sustained the demurrer.

Plaintiff appeals and presents this issue in two propositions: (1) Plaintiff admits that there is no evidence of violation by the defendant of its obligation to collect except the letter referred to as Exhibit A. It is his position that parol evidence cannot be introduced to vary the terms thereof; that the terms required a collection of $1,415.04 and the $328.17 all in one check. Plaintiff testified that he authorized the bank to take a check and admits that the defendant had a right to accept the check, but contends that he did not authorize the acceptance of two checks and that the evidence conclusively shows a violation of the authority by the acceptance of the two checks.

We are of the opinion, and hold, that the court did not err in sustaining a demurrer to the evidence. The only evidence as to the authorization for collection is Exhibit A. This exhibit does not dispute the right of the defendant to collect by check or to collect as many checks as it deems necessary to make the collection. The burden was on the plaintiff to prove a violation of the authorization. Plaintiff states that the admission made in the pleadings that the defendant received the authorization is sufficient to support the reasonable intendment and the presumption from such evidence that the bank was authorized to collect only one check. The rule announced by this court is that the plaintiff is entitled to all the admissions and presumptions arising from the evidence. If he asks for admissions and presumptions arising from the pleadings, such admissions and presumptions must be taken in connection with the total allegations of defendant, which include the allegations that the defendant informed plaintiff that Carl Mathews wanted to pay the $328.17 in a separate check and that he agreed to this. Plaintiff did not sue on the check. He refused a tender of the check, stating that he had refused it before. At the conclusion of the evidence offered by the plaintiff it appeared that the defendant had plaintiff's authorization to collect by accepting the check of Carl Mathews. There was no evidence that reasonably tended to disclose the violation of the authorization or that the defendant was not authorized to accept more than one check. Therefore, there was no evidence which tended to support a finding that the defendant had violated the terms of the authorization.

Where the evidence is insufficient to sustain a verdict for the party introducing it, sustaining a demurrer thereto is not error. First State Bank of Loco v. Lucas, 168 Okla. 406, 33 P. 2d 622; Young v. Beattie, 172 Okla. 250, 45 P. 2d 470. The credibility of the witnesses and their testimony is for the jury, but

presumptions arise only on the evidence and a verdict should not be based on conjecture and surmise. There being no evidence reasonably tending to support a judgment for the plaintiff, the action of the trial court in sustaining the demurrer to the evidence was not error.

Plaintiff complains of making Carl Mathews a party defendant. We agree that this was error. However, the court did not prejudice any rights plaintiff had against Carl Mathews. The action against Carl Mathews should have been upon the check for $328.17. The action against the defendant was upon a written authorization as stated in the brief of plaintiff. Carl Mathews was neither a necessary nor a proper party to this proceeding. This opinion shall not be construed as prejudicing any rights that plaintiff may have had against the said Carl Mathews, and any rights that the plaintiff has by reason of the issuance of the check for $328.17 as between himself and the said Carl Mathews is not here adjudicated. With this understanding the judgment of the trial court is affirmed.

WELCH, C. J., and OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, J., absent.