704

Cyrus T. WILLOCK, Plaintiff,

v.

DOWNTOWN AIRPARK, Inc.,
Defendant.

Civ. A. No. 6370.

United States District Court
W. D. Oklahoma.

April 15, 1955.

Charles R. Nesbitt, Oklahoma City, Okl., for plaintiff.

Ames, Daugherty, Bynum & Black, Oklahoma City, Okl., for defendant.

WALLACE, District Judge.

The plaintiff, Cyrus T. Willock, an Oklahoma citizen, instituted this action against the defendant, Downtown Airpark, Inc., a Delaware corporation, to recover for the alleged breach of an employment contract. Plaintiff urges that defendant failed to pay plaintiff a $400 monthly drawing account throughout plaintiff's employment term, as required by the written employment agreement; and, that defendant also failed to furnish plaintiff with a "demonstrator" as orally agreed, thereby causing plaintiff to lose many sales. Defendant admits that plaintiff was employed pursuant to a written understanding but asserts that plaintiff's employment thereunder was properly terminated leaving no unfulfilled contractual responsibilities.

The evidence indicates that on February 1, 1952, the defendant, the Oklahoma distributor for Aero-Commander airplanes, employed plaintiff as a sales representative for such airplane. On July 8, 1952, the parties entered into the contested written agreement whereby plaintiff's compensation was set at a commission of 2% on all Aero-Commanders sold. In addition, plainitff was to receive a $400.00 per month drawing account, chargeable against earned commissions.[1] On about October 12, 1953,

---

1. This particular provision reads: "The employer (defendant) agrees to pay the salesman (plaintiff) a drawing account in the amount of $400.00 per month, such drawing account to be accumulative from month to month and year to year and the full amount thereof to be charged against any and all commissions earned by the salesman. When commissions earned by the salesman shall exceed the total of above mentioned drawing account the difference shall be paid to the salesman bi-annually at the end of June and the end of December of each year."

defendant's president advised plaintiff that due to the lack of sales defendant could no longer afford to employ the plaintiff and pay the monthly drawing account; and, notified plaintiff that his employment would terminate in two weeks. At the time of such conversation, plaintiff insisted that a number of sales could be consummated in the near future; and, requested permission to continue working for defendant on strictly a commission basis. In response to plaintiff's proposal defendant's president agreed that for a reasonable time plaintiff could continue his sales attempts purely for commission. When no sales were made by March 31, 1954, plaintiff resigned.

■■ Plaintiff's counsel asserts that inasmuch as a written agreement cannot be altered by parol,[2] so long as the defendant continued to employ plaintiff it was incumbent on the defendant to meet the express terms of the written employment contract and thereby pay the guaranteed monthly drawing account;

and, that defendant could not continue to employ plaintiff but merely modify the employment terms to the extent of cutting off the employee's salary.[3] The principle of law advanced by plaintiff, though ingeniously argued, is inapplicable in the instant case. Admittedly, either party to the controverted written agreement could at will terminate the employer-employee relationship.[4] Although it is unfortunate plaintiff received no compensation for his efforts from November through March and may have justifiably believed the treatment accorded him unfair, nonetheless, the defendant had the right to discharge plaintiff at any time with or without cause and plaintiff had the correlative right to quit at any time. Inasmuch as plaintiff voluntarily agreed to continue working on a commission only basis, after receiving notice of discharge and the discontinuance of the drawing account, he cannot now be heard to complain.[5]

■ Also, plaintiff is not entitled to recovery based upon defendant's failure

2. "A contract is writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." 15 Okl.Stat.1951 § 237.

3. Plaintiff quotes from Walker v. Johnson, 1924, 102 Okl. 9, 227 P. 113, 114 wherein the Oklahoma Court observed: "* * * The statute under consideration was passed for the purpose of rendering more sacred the terms of a written contract freely and voluntarily entered into between the parties, and the purpose of the statute would be as much defeated, or more so, if the entire contract could be abrogated and a new contract substituted therefor, by oral testimony of such new contract, as if only some of the terms of the written contract were altered or changed."

4. Where a contract, such as the instant one, is for an indefinite term such agreement is terminable at will. Read Foster v. Atlas Life Co., 1931, 154 Okl. 30, 6 P.2d 805.

5. In addition to the oral notice of termination of employment given plaintiff by defendant's president, the voucher attached to plaintiff's October 27, 1953 check stated: "Drawing Account for last half of October, 1953. This is Final

drawing account check. Hereafter 2% commission will be paid after plane is sold and delivered." Thus, in addition to the evidence that the original contract was in fact terminated, the acceptance by plaintiff of new terms of employment by continuing to work for defendant in any event amount to a valid modification of the original agreement, even if plaintiff's theory be accepted that his employment was never actually terminated. In holding that a contract of employment terminable at will may be modified by either party at any time as a condition of its continuance, the court in Robinson v. Phillips Petroleum Co., 1936, 175 Okl. 640, 54 P.2d 322, 323 observed: "* * * we are of the opinion that plaintiff's continuing in the employment of defendant, after the various notices of modification, constituted assents to such modifications, and that plaintiff could not recover." Distinguish Choctaw Lumber Co. v. Peavy, 1934, 169 Okl. 307, 36 P.2d 906 wherein the acceptance by plaintiff of a lesser monthly salary than originally agreed upon between the parties did not serve to modify the original agreement inasmuch as the agreement was not terminable at will but was to run for a set term of 18 months.

to promptly furnish a demonstrator in aid of sales promotion. Although plaintiff labored under a severe handicap in trying to sell the airplane in question without a demonstrator plaintiff has failed to prove that defendant breached a legal duty in failing to furnish such demonstrator. No such duty was specified in the written agreement, and the testimony does not establish that any of defendant's officers or agents unequivocally promised that a demonstrator would be available.

The defendant is entitled to judgment.

Within 15 days counsel should submit a journal entry which conforms with this opinion.